382 S.E.2d 30

**FOUR P., INC., et al.**

v.

**Elliot G. HICKS.**

**Elliot G. HICKS**

v.

**FOUR P., INC., et al.**

No. 18778.

Supreme Court of Appeals of West Virginia.

April 19, 1989.

Rehearing Denied July 20, 1989.

Wayne Patterson, So. Charleston, for Four P., Inc.

Elliot G. Hicks, Charleston, for Elliot G. Hicks.

Per Curiam:

■ This is a *pro se* appeal by Wayne E. Patterson, president of Four P., Inc., a subsidiary of Sunlight Foods, from the Kanawha County Circuit Court order of July 7, 1988, which denied appellant's motion, pursuant to *W. Va.R.Civ.P.* 60(b)(1) to set aside an August 17, 1987 dismissal order entered pursuant to *W. Va.R.Civ.P.* 55(b)(2) due to the appellant's failure to appear for a July 27, 1987 trial *de novo* in circuit court pursuant to *W. Va. Code*, 50–5–12 [1978]. We affirm. Since the record contains a copy of a July 10, 1987 notice for trial and certificate of service mailed by the appellee, Elliot Hicks, to the appellant, which was also filed with the circuit clerk on July 10, 1987, the trial judge did not abuse his discretion in denying the motion to set aside the dismissal order for lack of notice of the scheduled July 27, 1987 hearing, as the appellant did not appear at the 60(b) hearing and produce evidence to the contrary.

On January 30, 1985, a Kanawha County magistrate court jury awarded attorney Hicks $2,000 for his harassment claim against the appellant, apparently in his corporate capacity.[1] The appellant appealed to the circuit court for a trial *de novo*.

The parties were initially notified by the circuit clerk that the case was scheduled for trial on May 12, 1986, before Kanawha County Circuit Judge Robert Harvey.[2]

---

1. The appellant sued the appellee for an alleged debt of $165. The appellee counterclaimed for harassment. The jury found for the appellee on both claims and awarded him $2,000 for damages to his professional reputation.

2. The form, dated April 17, 1986, was mailed to the appellant and contained a certificate of service. It provided the appellant with the initial trial date of May 12, 1986 and also contained the following:

> It is necessary that you be present in person or by counsel to protect your rights, as the case will be retried. You should be ready for trial on the above date and time.
> *You will receive no further notice.* It will be your responsibility to check with the Circuit Clerk's Office or Judge's Office as to any future trial or hearing date in the event your

Due to additional discovery and extensive motions, the trial date was moved several times.[3]

The case was eventually scheduled for trial on July 27, 1987. The circuit clerk's files contain copies of a July 10, 1987 notice and certificate of service by the appellee to the appellant of the July 27, 1987 trial date. The copies of the notice and certificate were also stamped by the clerk as received on July 10, 1987.

The appellant failed to appear for the July 27, 1987 trial. On August 17, 1987 Circuit Judge Harvey entered a dismissal order wherein he specifically found that notice was provided to the appellant, who nonetheless failed to appear.[4] The appellee filed a suggestion with the magistrate court to satisfy the judgment on June 6, 1988.

On June 13, 1988, the appellant filed a Rule 60(b)(1) motion for relief from the August 17, 1987 dismissal order which alleged mistake, due to the appellant's lack of notice of the trial date. *See* Rule 60(b) concerning timeliness of such motions. The appellant also filed a motion to enjoin the execution of the suggestion pending the outcome of the 60(b) motion. This motion was granted.

A hearing on the 60(b) motion was held, and the appellant failed to appear; therefore, by order dated July 7, 1988, Circuit Judge Paul Zakaib denied the motion and lifted the stay of execution on the judgment. This Court granted the appeal and stayed execution of the judgment, pending disposition of the case.

The appellant's sole assignment of error is that the 60(b) motion should have been granted because he did not receive notice of the July 27, 1987 trial date. Appellant does not offer an explanation to this Court of the apparent conflict between the allegation in his brief that he did not receive notice, and the copy of the notice recorded in the files of the Kanawha County Circuit Clerk. Nor does the appellant mention his absence at the 60(b) hearing.

In syllabus point 5 of *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974), this Court acknowledged the broad discretionary powers vested with a circuit judge in determining 60(b) motions:

> A motion to vacate a judgment made pursuant to *Rule* 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.

When *pro se* litigants appeal from a magistrate court to circuit court, they are entitled to notice of the trial date. *State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 249 S.E.2d 765 (1978). However, the circuit court files contain copies of an unambiguous notice for trial and certificate of service by mail. Under these circumstances the litigant who fails to appear for trial and subsequently seeks relief from a dismissal order pursuant to Rule 60(b), must produce evidence that actual notice was not received and this lack of actual notice was not due to his own lack of diligence. *Cordell v. Jarrett*, 171 W.Va. 596, 301 S.E.2d 227 (1982).

The appellant failed to appear and produce any evidence at the 60(b) hearing that he did not receive notice of the trial. Since the record contains recorded copies of the July 10, 1987 notice for the July 27, 1987 trial date and certificate of service, the circuit judge did not abuse his discretion

---

case is continued to a later term of Court, or, when called, it is set for trial on a different date than set out in the first paragraph of this notice.

**3.** One of the numerous motions before the circuit court was the appellant's July 8, 1986 motion to dismiss. The appellant alleged that he had not been properly served with the appellee's original counterclaim (which the appellant had previously defended in magistrate court). The

record contains the January 10, 1986 deposition of the process server which established that the appellant was properly served with the counterclaim on January 7, 1986.

**4.** The record also contains the affidavit of Judge Harvey's secretary, which states that at no point prior to the scheduled July 27, 1987 trial did the appellant contact her regarding a rescheduling of the trial or appellant's inability to appear for the trial.

when, absent any evidence to the contrary, he denied appellant's 60(b) motion.

For these reasons, the July 7, 1988 order of the Circuit Court of Kanawha County denying the 60(b) motion is affirmed, and all prior stays of execution on the judgment issued by this Court pending appeal are mooted.

Affirmed.