415 S.E.2d 614

**Jerry Wayne ROSS, Plaintiff Below, Appellee,**

v.

**June Yvonne ROSS, Defendant Below, Appellant.**

**No. 20270.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 21, 1992.

Decided March 20, 1992.

J. Michael Anderson, Rainelle, for appellee.

Lafe C. Chafin, Barrett, Chafin & Lowry, Huntington, for appellant.

PER CURIAM:

This is an appeal by June Yvonne Ross from an order of the Circuit Court of Wyoming County holding her in contempt of court for failing to pay $35,000 to her former husband as required by a property settlement agreement. That agreement had been incorporated into a divorce decree. On appeal, the appellant claims that the property settlement agreement which underlies the contempt citation in this case was obtained by fraud on the part of her former husband, Jerry Wayne Ross, and that the circuit court erred in failing to grant her relief from the decree incorporating the agreement pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.

In presenting this appeal, the parties have designated a very limited record to this Court. That record does not contain transcripts of any of the proceedings before the circuit court.[1]

From the briefs of the parties and the documents filed, it appears that the appellant and Jerry Wayne Ross were married on May 23, 1984. Shortly thereafter, in 1985, they incorporated the Oceana Professional Pharmacy, Inc. At the time of incorporation, the appellant obtained fifty percent of the stock in the corporation, and her husband, a pharmacist, obtained the other fifty percent.

After incorporating the business, Jerry Wayne Ross served as its president, and the appellant served as its secretary-treasurer. Jerry Wayne Ross also worked as a pharmacist, and the appellant managed the store, was in charge of employees, and dealt with an accountant in writing checks and paying bills.

It also appears that the appellant and her husband separated on September 8, 1989, and that they thereafter entered into negotiations which culminated in a property settlement agreement which the appellant signed on January 8, 1990.

Under the terms of the agreement, the appellant's husband surrendered custody of the parties' fourteen-year-old daughter to the appellant and agreed to sign any documents necessary to facilitate adoption of the child by another party. He also agreed to pay a $15,000 lump sum as child support. The agreement provided that the appellant's husband was to have certain real property located in Greenbrier County and at Van, Boone County, and that the appellant was to have a home and real estate located at Oceana, Wyoming County. The appellant's husband undertook to pay $108,598.90 of the parties' joint debts, and the appellant undertook to pay $46,526.83 in joint debts. The appellant further agreed to transfer to her husband all her stock in the Van Professional Pharmacy located in Van, West Virginia, and to pay him $150,000.00 for his stock in the Oceana Professional Pharmacy, Inc. This $150,-000.00 payment was to be made in installments.

After the parties entered into the property settlement agreement, the Circuit Court of Wyoming County, by decree entered on February 9, 1990, granted the parties a divorce on the ground of irreconcilable differences. The court also "approved, ratified and confirmed" the property settlement agreement, except that the court additionally allowed the appellant's husband visitation with the parties' child. The court also incorporated the property settlement agreement into the decree.

After entry of the divorce decree, the appellant failed to pay certain installments due on the $150,000.00 which she was to pay for her husband's stock in the Oceana

---

1. The designation contains only: (1) The final divorce decree entered February 9, 1990, including the property settlement agreement; (2) the petition for contempt; (3) the appellant's answer to the petition and a counter-petition for contempt; (4) the appellant's motion for relief from the decree pursuant to Rule 60(b)(3) of the West Virginia Rules of Civil Procedure; (5) the letter of the circuit judge dated November 6, 1990, setting forth his findings; and (6) the court's final order entered on January 11, 1991.

Pharmacy, and as a consequence of her failure to make the payments, her husband filed a petition in the Circuit Court of Wyoming County and prayed that the appellant be held in contempt or, in the alternative, be ordered to pay such sums as were due and owing. The appellant's husband also prayed that he be awarded reasonable and necessary attorney fees.

The appellant filed an answer and counter-petition after her husband filed his contempt petition. She also moved that the circuit court grant her relief, pursuant to Rule 60(b)(3) of the West Virginia Rules of Civil Procedure, from the divorce decree's provisions relating to her payment to her former husband. She alleged that, after undertaking to operate the Oceana Professional Pharmacy, she learned that taxes, interest, and penalties due the United States Internal Revenue Service, the Town of Oceana, and the State of West Virginia exceeded $48,000.00. She claimed that these liabilities had not been disclosed to her at the time she entered into the property settlement agreement, even though her husband had known of them, and that she was, in effect, persuaded to enter into the agreement as the result of fraud.

According to the parties' briefs, a hearing was held on the various questions raised on October 1, 1990. The appellant claims that at that hearing she showed that after separating from her husband she was not involved in the day-to-day operation of the Oceana Professional Pharmacy, Inc., because she had been directed by a family law master not to interfere. She also claims that she showed that she was suffering from psychiatric problems as the result of her pending divorce and that she had relied upon financial statements supplied by her husband in deciding to enter into the property settlement agreement.

The appellant's husband, on the other hand, claimed that he testified that the pharmacy had been experiencing tax problems throughout 1989, and that the interest and penalties owed to the Internal Revenue Service were for taxes due from March, 1988, to June, 1989. He also claimed that he showed that there were taxes owed to the State of West Virginia and Business and Occupation taxes owed to the Town of Oceana, and that the appellant, who worked in the business during this time period, was aware of the taxes by virtue of the notices sent to the pharmacy and by discussions which she had had with him. The appellant's husband further asserts that Charles Hunt, Jr., who had been the bookkeeper for the Oceana Professional Pharmacy prior to September, 1989, testified at the hearing that the appellant was aware of the tax liabilities and had full access to the records of the pharmacy.

At the conclusion of the proceedings in the case, the judge of the Circuit Court of Wyoming County found that the appellant "... was or should have been aware of the financial situation of Oceana Professional Pharmacy, Inc." The court noted that several witnesses testified that they were aware that some tax problems existed. This should have prompted anyone interested in either buying or remaining in a position of ownership to investigate and satisfy themselves as to the net worth of the business. The judge, therefore, denied the appellant's motion for relief under Rule 60(b)(3) of the West Virginia Rules of Civil Procedure.

On appeal, the appellant claims that the trial court erred in failing to grant her motion to set aside the final divorce decree requiring her to pay her husband for his stock in the Oceana Professional Pharmacy, Inc., pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.

■ This Court has rather consistently recognized that a motion to vacate a judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure is a motion within the sound discretion of the trial court, and the trial court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion. *Four P., Inc. v. Hicks*, 181 W.Va. 193, 382 S.E.2d 30 (1989); *Sharp v. Southern West Virginia Regional Health Council*, 178 W.Va. 196, 358 S.E.2d 455 (1987); *Gabritsch v. Gabritsch*, 164 W.Va. 146, 260 S.E.2d 841 (1979); *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974); *Inner*

*City Realty Company v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970). The rule, as set forth in syllabus point 5 of *Toler v. Shelton, supra*, states:

A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.

■ There is also a rather substantial body of law in West Virginia which indicates that, on appeal, error will not be presumed when it comes to the correctness of a judgment rendered by a circuit court and that an appellant has the burden of showing that error has been committed. The rule, as set forth in syllabus point 2 of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973), states:

On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court.

*See also, Waco Equipment Company v. B.C. Hale Construction Co., Inc.*, 182 W.Va. 381, 387 S.E.2d 848 (1989); *Wilkinson v. Searls*, 155 W.Va. 475, 184 S.E.2d 735 (1971); *Bowles v. Mitchell*, 146 W.Va. 474, 120 S.E.2d 697 (1961). In various cases, the rule has been stated in various ways. For instance, in *Pozzie v. Prather*, 151 W.Va. 880, 157 S.E.2d 625 (1967), it is indicated that the burden is on the appellant to produce before the appellate court a record sufficient affirmatively to disclose error committed to his prejudice in the trial court. In *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966), it is recognized that the plaintiff in error bears the burden of showing error in the judgment of which he complains, and in *Alexander v. Jennings*, 150 W.Va. 629, 149 S.E.2d 213 (1966), it is indicated that an appellate court will not reverse the judgment of an inferior court unless error affirmatively appears upon the face of the record and such error will not

be presumed, all the presumptions being in favor of the correctness of the judgment.

■ The central finding by the circuit court in the present case is that the appellant was, or should have been, aware of the financial situation of the Oceana Professional Pharmacy, Inc., at the time she entered into the property settlement agreement in issue in this case. The basic finding, in essence, is that there was not such a showing of fraud as would justify setting aside the court's divorce decree under Rule 60(b) of the West Virginia Rules of Civil Procedure.

As previously stated, no transcript of the proceedings before the circuit court are in the record of the present case. Given this circumstance, it is impossible for this Court to state whether there was evidence adduced before the circuit court to substantiate the trial court's findings or to show that they were erroneous.

It does appear from the briefs which were filed that the evidence adduced before the circuit court was somewhat conflicting, and it is asserted with some particularity that there was evidence which suggested that the appellant either knew, or had a valid reason to know, of the tax liens or tax problems involving the Oceana Professional Pharmacy, Inc.

Given the overall circumstances of this case, particularly the fact that no record of the proceedings below has been submitted, this Court cannot conclude that it affirmatively appears on the face of the record that the trial judge abused his discretion in denying the appellant's motion for relief under Rule 60(b) of the West Virginia Rules of Civil Procedure or that the judgment of the circuit court should be reversed.

Accordingly, the judgment of the Circuit Court of Wyoming County is affirmed.

Affirmed.