64 F.3d 659
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herman SAMSOM, Jr.; Ripley Manufacturing, Incorporated,
Plaintiffs-Appellants,
v.
Donald HECHT, Individually; Hecht & Company, P.C., a New
York Corporation, Defendants-Appellees.
 No. 94-2299.
 United States Court of Appeals, Fourth Circuit.
 Argued May 5, 1995.
Decided Aug. 14, 1995.
 
 ARGUED: Carl James Roncaglione, Jr., DANIELS LAW FIRM, Charleston, WV, for Appellants. Robert Bruce King, KING, ALLEN & ARNOLD, Charleston, WV, for Appellees. ON BRIEF: Norman T. Daniels, Jr., DANIELS LAW FIRM, Charleston, WV, for Appellants. Robert A. Goldberg, KING, ALLEN & ARNOLD, Charleston, WV; Martin R. Smith, Jr., John W. Alderman, III, STEPTOE & JOHNSON, Charleston, WV, for Appellees.
 Before RUSSELL, WIDENER, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiffs-Appellants Herman Sansom, Jr., and Ripley Manufacturing, Inc., appeal the district court's summary judgment order holding that Appellants were collaterally estopped from pursuing their action claiming professional negligence and negligent misrepresentation against Defendants-Appellees Donald Hecht and Hecht and Company, P.C. We affirm.
 
 I.
 
 2
 Appellants' claims stem from their purchase in February 1992 of the assets of a cut and sew garment corporation known as Ripley Apparel. In July 1992, after the asset purchase of Ripley, Appellants discovered a discrepancy with respect to $490,000 of stated income in Ripley's 1989 and 1990 financial statements, which were prepared and audited by Appellees for the Ripley shareholders. In October 1992, Appellants filed an action in West Virginia state court, Sansom v. Kaplan, Civ. A. No. 92-C-321 (Cir. Ct., Jackson County, W. Va.), against the sellers, Robert C. Kaplan, Ripley Apparel, and Banner Industries (collectively the "Kaplan defendants"), alleging fraud and breach of contract. Appellants claimed that the financial statements fraudulently represented Ripley Apparel's operations as profitable by listing the $490,000 at issue as "revenue," when in fact, the amount was subject to later reduction based on intercompany loans to Ripley from Banner Industries, which was owned by the same shareholders as was Ripley. Appellants alleged that the Kaplan defendants had fraudulently induced them to purchase Ripley Apparel by these financial statements, as well as by affirmative statements made directly to Sansom by Kaplan. Appellants further alleged that they relied on the financial statements in their purchase of Ripley Apparel.
 
 
 3
 The Kaplan defendants moved for summary judgment on Appellants' fraud claim. The state court heard oral argument on the defendants' motion on March 15, 1994. In granting summary judgment to the defendants in an order dated March 31, 1994, the court held that Appellants had not justifiably relied on the sellers' representations, including the financial statements. The court reasoned:
 
 
 4
 For purposes of this motion, the Court has viewed the facts in the light most favorable to the plaintiffs and has assumed that the financial statements of Ripley Apparel, Inc. were false and misleading.... [T]he Court finds as a matter of law that the plaintiffs were not justified under the circumstances in relying upon the alleged misrepresentations and that there is no genuine issue of material fact as to this point.
 
 
 5
 Joint Appendix (J.A.) 57-58.
 
 
 6
 On March 18, 1994, Appellants filed the instant action against Appellees in United States District Court for the Southern District of West Virginia. In their complaint, Appellants claimed that Appellees were liable for professional negligence and negligent misrepresentation based on Appellants' allegations that the same financial statements at issue in the state court case were false and misleading with respect to $490,000 of stated income of Ripley Apparel.
 
 
 7
 Soon after Appellants filed their federal action against Appellees, the parties in the state court litigation entered into a Settlement Agreement and Release on April 4, 1994, to settle Appellants' remaining breach of contract claim and the Kaplan defendants' counterclaim. The Settlement Agreement expressly provided:
 
 
 8
 [T]he parties agree that this Settlement Agreement and Release is not intended by them to release any separate or independent claim which Sansom and/or Ripley Manufac turing may have against Donald Hecht, individually and Hecht & Company, P.C., a New York corporation....
 
 
 9
 J.A. 265. In the Settlement Agreement, Appellants agreed not to appeal the state court litigation and, in exchange, the Kaplan defendants agreed to pay the Appellants $110,000 and to dismiss their counterclaim.
 
 
 10
 In response to Appellants' complaint in this case, Appellees moved for summary judgment on July 26, 1994, on the basis of collateral estoppel. They claimed that a necessary predicate to Appellants' cause of action--justifiable reliance on the financial statements at issue--was previously decided adversely to Appellants in the state court Kaplan case. In a decision dated October 16, 1994, the district court agreed with Appellees' position and held that collateral estoppel barred relitigation of the issue of Appellants' justifiable reliance. The court therefore awarded summary judgment to Appellees. Because the district court dismissed Appellants' claims on collateral estoppel grounds, it did not reach the merits of any of Appellants' claims.
 
 II.
 
 11
 Appellants argue on appeal that the district court committed reversible error in holding that Appellants were collaterally estopped from litigating whether they justifiably relied on the financial statements at issue. We review the district court's grant of summary judgment de novo, applying the same standard as did the district court. Wagner v. Wheeler, 13 F.3d 86, 90 (4th Cir.1993).
 
 
 12
 The leading case addressing collateral estoppel in West Virginia is Conley v. Spillers, 301 S.E.2d 216 (W.Va.1983).[1] In Conley, the Supreme Court of Appeals of West Virginia held that "[c]ollateral estoppel is designed to foreclose relitigation of issues in a second suit which have actually been litigated in the earlier suit even though there may be a difference in the cause of action between the parties of the first and second suit." Id. at 220. The court added that when a stranger to the first action seeks to apply collateral estoppel against a party to the first action, as in this case, the following three inquiries are decisive as to whether collateral estoppel applies:
 
 
 13
 Whether the issues in the present case are the same as the issues in the earlier case; whether the controlling facts or legal principles have changed substantially since the earlier case; and, whether there are special circumstances that would warrant the conclusion that enforcement of the judgment would be unfair.
 
 
 14
 Id. at 222-23; see also Montana v. United States, 440 U.S. 147, 155 (1979) (establishing the same three inquiries).
 
 A.
 
 15
 In applying these three inquiries to this case, the parties primarily dispute whether the issues presented in this case are the same as those decided in the Kaplan state court action.[2] Appellants contend that the state court litigation is not preclusive because that action addressed the sellers' misrepresentations while this action addresses Appellees' professional negligence and negligent misrepresentation based on their duties as professional accountants. Appellants specifically contend that the professional duties of Hecht and Hecht and Company transform the question of Appellants' "justifiable reliance" into a new, distinct issue that was not adjudicated in the previous action.
 
 
 16
 The district court, however, did not view this distinction between the causes of action as sufficient to bar the application of collateral estoppel. We agree. As the district court reasoned, despite the differences between the claims in the two actions, justifiable reliance on the financial statements at issue is an essential factual predicate in both. Where privity of contract is lacking as in this case, the third party's justifiable reliance on the accountant's statement is a required element in actions under West Virginia law for professional negligence and negligent misrepresentation. First Nat'l Bank of Bluefield v. Crawford, 386 S.E.2d 310, 313 & n. 5 (W.Va.1989) (adopting the position in Sec. 522 of the Restatement (Second) of Torts to hold that an accountant may be held liable for supplying false information "only to known users who will actually be relying on the information provided by the accountant");[3] see also Beall Plumbing & Heating Co. v. First Nat'l Bank of Keystone, 847 F.Supp. 1037, 1314-15 (S.D.W.Va.1994); Teter v. Old Colony Co., 441 S.E.2d 728, 739 n. 16 (W.Va.1994).
 
 
 17
 Furthermore, courts regularly apply collateral estoppel in lawsuits involving claims that are different than those in the prior action. For instance, in a recent decision of the Supreme Court of Appeals of West Virginia, Walden v. Hoke, 429 S.E.2d 504 (W.Va.1993), the court upheld the application of collateral estoppel in a lawsuit involving different parties and claims than those in the first action. The plaintiff in Walden filed a malpractice action against the lawyers who had represented her in a divorce proceeding. She alleged, inter alia, that she was not advised of a certain workers' compensation award to her husband at the time she agreed to the property settlement. Id. at 507. The plaintiff, however, had filed a prior action in West Virginia to set aside the divorce decree; and the court in the case had dismissed her action, finding that she knew of the existence of the workers' compensation award and had knowingly waived her rights to the award. Id. In holding the plaintiff collaterally estopped by the prior judgment, the court in Walden reasoned, "A litigant cannot relitigate, in a different jurisdiction, an issue previously ruled upon by another court merely by describing the same facts in a different way." Id. at 509; see also State ex rel. Leach v. Schlaegel, 447 S.E.2d 1, 4 (W.Va.1994) (prior guilty plea to battery charge collaterally estopped defendant from denying the battery in civil proceeding); Baber v. Fortner by Poe, 412 S.E.2d 814, 822 (W.Va.1991) (prior conviction for voluntary manslaughter collaterally estopped defendant from relitigating issue of intent in wrongful death action); Pitsenbarger v. Gainer, 330 S.E.2d 840, 843-44 (W.Va.1985) (prior decision holding employee not entitled to indemnification from county commission and prosecuting attorney collaterally estopped employee from relitigating entitlement to indemnification in action seeking indemnification from state auditor).
 
 
 18
 The reasoning in Walden is applicable to this case. Although the cause of action in the instant case involves professional duties unlike the claim in the original state court action, the question of justifiable reliance is identical in both lawsuits because Appellants have alleged in both cases that they relied to their detriment on the same 1989 and 1990 financial statements. The fact that Appellants have sued different parties in this case does not affect the application of collateral estoppel. Furthermore, the fact that Appellants knew that professional accountants prepared the financial statements was pled in the state court action and thus was clearly made known to the state court when it made its decision. As the district court detailed, Appellants expressly alleged in their amended complaint in the state court action that the alleged misrepresentations by the sellers included the financial statements prepared by Appellants. In fact, the gravamen of Appellants' claims in the state court action and in this case centers on their allegations that the "surcharge invoices" on the statements misrepresented Ripley Apparel's income. We thus conclude that the issue of Appellants' justifiable reliance in this case is the same as the issue decided in the Kaplan state court action.
 
 B.
 
 19
 Appellants next contend that three special circumstances warrant the conclusion that application of collateral estoppel in this case would be unfair: (1) the Settlement Agreement with the Kaplan Defendants negates the effect of the prior adjudication in the Kaplan state court case;[4] (2) Appellees in this case were implicated in the Kaplan case; and (3) fraud allegations preclude the application of collateral estoppel. We find that each of these alleged special circumstances do not warrant refusing to apply collateral estoppel.
 
 
 20
 First, Appellants argue that the Settlement Agreement negates the application of collateral estoppel because the agreement expressly states that it "is not intended ... to release any separate or independent claim which Sansom and/or Ripley Manufacturing may have against Donald Hecht, individually and Hecht & Company, P.C., a New York Corporation." Contrary to Appellant's arguments, this agreement alone cannot serve to vacate or modify the state court judgment addressing justifiable reliance. In the agreement, the parties settled Appellants' contract claim and the Kaplan defendants' counterclaim. The settlement did not affect the state court decision regarding justifiable reliance, as the state court granted summary judgment on the separate fraud claim, and no court has modified, amended, or vacated that decision. Without such judicial action, a settlement cannot vacate an order of judgment because under Rule 60(b) of the West Virginia Rules of Civil Procedure, a party can obtain relief from a final judgment only by a post-judgment motion made under certain conditions or by an independent action to relieve the party from the judgment. Furthermore, parties who settle and voluntarily forfeit their legal remedy to appeal surrender their claim to the equitable remedy of vacatur because allowing vacatur permits a dissatisfied litigant to eliminate court findings and judgments, which are not merely the property of litigants but are of value to the legal community. United States Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 392 (1994); see also Matter of Memorial Hospital of Iowa County, Inc., 862 F.2d 1299, 1302-03 (7th Cir.1988).[5] In this case, Appellants neither filed a motion to vacate the state court decision nor instituted an independent action to obtain relief from the decision. Therefore, although Appellants may have expected the agreement to protect their remedies against the Appellees in this case, the agreement alone could not have vacated the prior judgment and it is thus not unfair for the prior judgment to have preclusive effect in this case.
 
 
 21
 As their second argument, Appellants claim that collateral estoppel is inappropriate because they only "implicated" Appellees in the state court action and did not fully adjudicate claims of Appellees' professional negligence. As Appellees recognize, the fact that Appellants implicated Appellees in the state court action supports the conclusion that Appellants' claims should be collaterally estopped in this case. Due to the implication of Appellees in the prior case, the state court was aware of, and presumably considered, Appellees' preparation of the financial statements in determining that Appellants did not justifiably rely on those statements.
 
 
 22
 Finally, Appellants argue that its allegations of fraud "estop[ ] the use of defensive collateral estoppel." Rule 60(b)(3) of the West Virginia Rules of Civil Procedure provides that a party may seek to set aside a final judgment when an adverse party in the action obtained the judgment through fraud, misrepresentation, or other misconduct.[6] See Ross v. Ross, 415 S.E.2d 614, 616-17 (W.Va.1992); Savas v. Savas, 382 S.E.2d 510, 511-13 (W.Va.1989). Appellees, however, were not parties in the state court action, and Appellants did not file a motion claiming that Appellees committed fraud in obtaining the state court judgment. Rather, Appellants simply contend that Appellees' underlying fraud in misrepresenting Ripley's income on the financial statements estops them from asserting defensive collateral estoppel. Allegations that a party committed fraud, other than fraud in obtaining a judgment, do not preclude that party from asserting collateral estoppel. See, e.g., Robinson v. Volkswagenwerk AG, 56 F.3d 1268 (10th Cir.1995) (plaintiffs estopped from maintaining common law fraud claims because claims are inconsistent with facts underlying prior judgment).[7]
 
 III.
 
 23
 For the foregoing reasons, we affirm the decision of the district court.
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 West Virginia law controls the determination of whether collateral estoppel applies in this case. See Kremer v. Chemical Constr. Co., 456 U.S. 461, 466 (1982) ("Section 1738 [of Title 28] requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.")
 
 
 [2]
 Appellants include much of their discussion related to this inquiry in the section of their brief arguing under the second Conley inquiry that the controlling law and facts have changed since the prior state court action. Appellants' argument that the law and facts have changed, however, stems solely from their contention that the issues in the two cases are different. They do not present evidence that the factual events relevant to the two cases are different or that the West Virginia legal principles affecting justifiable reliance have changed in the time between the first and second action. We therefore have considered their arguments addressing the second Conley inquiry in our discussion of the first inquiry
 
 
 [3]
 Crawford also established that, with two exceptions, courts shall weigh the accountant's duty based on the accountant's limiting statement or disclaimer delineating the work performed by the accountant. Under one of these exceptions, Crawford held that, regardless of the accountant's limiting statement or disclaimer, an accountant may be liable if he discovers a materially false matter in the client's books and fails to disclose it. Crawford, 386 S.E.2d at 315. This exception defines the standard of conduct the accountant must perform to discharge his duty; it does not affect the court's general holding that the accountant owes this duty only to those who justifiably rely on the information provided by the accountant
 
 
 [4]
 Although Appellees contend that Appellants did not assert to the district court that the Settlement Agreement precludes collateral estoppel, we find that Appellants sufficiently raised the issue in their Memorandum of Law in Opposition to Defendants' Motion for Summary Judgement
 
 
 [5]
 Overlooking the essential reasoning of Memorial Hospital, Appellants focus on one sentence in the opinion which states that the parties to a settlement agreement may be free to contract about the preclusive effects those parties may assert themselves. This statement is nothing more than a recognition of the well-settled contract principle that parties may bind themselves by provisions in their settlement agreement. Cf. Bandai America Inc. v. Bally Midway Mfg. Co., 775 F.2d 70, 74-75 (3d Cir.1985) (holding that a litigant who was not a party to a prior settlement agreement cannot use the agreement to estop a party from pursuing certain causes of action), cert. denied, 475 U.S. 1047 (1986). In this case, however, Appellees were not parties to the Settlement Agreement. Thus, contrary to Appellants' arguments, any restrictions in the agreement do not limit Appellees' ability to assert defensive collateral estoppel in this case
 
 
 [6]
 Rule 60(b) states in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party....
 
 
 [7]
 Because we conclude that Appellants' justifiable reliance was previously adjudicated, we reject Appellants' final argument in their brief that summary judgment is improper because genuine issues of material fact are in dispute in this case