# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: Ronald Call

No. 13-1115 (Putnam County 13-C-281)

**FILED**

November 23, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Ronald Call, by counsel Timothy J. LaFon, appeals the Circuit Court of Putnam County's March 6, 2014, order denying his motion to reconsider the order denying petitioner's motion to reinstate his gun rights. The State of West Virginia, by counsel Laura Young, filed its response in support of the circuit court's order. Petitioner filed a reply brief. On appeal, petitioner argues that the circuit court erred in concluding that his gun rights could not be reinstated in West Virginia pursuant to his domestic violence battery conviction when he did not have advice of counsel at the plea.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2009, petitioner was charged with the misdemeanor offenses of domestic battery and domestic assault. In November of 2009, petitioner moved the magistrate court to permit him to represent himself. The magistrate court granted his motion, petitioner represented himself, and he pled no contest to domestic battery in exchange for the dismissal of the domestic assault charge and a domestic violence protection order violation charge.

In September of 2013, petitioner filed a petition to have his gun rights reinstated pursuant to West Virginia Code § 61-7-7(c). The circuit court denied the petition and concluded that it did not have the authority to reinstate petitioner's gun rights because a reinstatement of his rights pursuant to West Virginia Code § 61-7-7(c) would be a violation of federal law. Petitioner did not appeal the circuit court's denial of his petition for reinstatement. Subsequently, in March of 2014, petitioner filed a motion for reconsideration, and the circuit court denied that motion by order dated March 6, 2014. It is from this order that petitioner now appeals.

The record on appeal indicates that petitioner filed his motion for reconsideration approximately six months after the circuit court denied his petition to have his gun rights reinstated. We have previously held that:

> "When a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, the motion will be considered to be either a Rule 59(e) motion to alter or amend a judgment

1

or a Rule 60(b) motion for relief from a judgment order. If the motion is filed within ten days of the circuit court's entry of judgment, the motion is treated as a motion to alter or amend under Rule 59(e). If the motion is filed outside the ten-day limit, it can only be addressed under Rule 60(b)."

Syl. Pt. 2, *Powderidge Unit Owners Assoc. v. Highland Props., Ltd.,* 196 W.Va. 692, 474 S.E.2d 872 (1996). Because petitioner filed his motion well outside the ten-day time frame for a Rule 59(e) motion, we will treat it as one filed pursuant to Rule 60(b).

In addressing Rule 60(b) motions, this Court has previously established the following standard of review:

> "A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974).*Ross v. Ross*, 187 W.Va. 68, 415 S.E.2d 614 (1992)."

*Johnson v. Nedeff*, 192 W.Va. 260, 266, 452 S.E.2d 63, 69 (1994). Upon our review, we find no error in the circuit court's order denying petitioner's motion for reconsideration.

We have previously held that '[a] circuit court is not required to grant a Rule 60(b) motion unless a moving party can satisfy one of the criteria enumerated under it." *Jordache Enters., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 204 W.Va. 465, 472-73, 513 S.E.2d 692, 699-700 (1998). We have additionally held that:

> "One of the purposes of West Virginia Rule of Civil Procedure 60(b) is to provide a mechanism for instituting a collateral attack on a final judgment in a civil action when certain enumerated extraordinary circumstances are present. When such extraordinary circumstances are absent, a collateral attack is an inappropriate means for attempting to defeat a final judgment in a civil action."

Syl. Pt. 2 *Hustead ex rel. Adkins v. Ashland Oil, Inc.,* 197 W.Va. 55, 475 S.E.2d 55 (1996).

Petitioner failed to establish before the circuit court any of the grounds for relief under Rule 60(b). In fact, petitioner failed to even allege any grounds from Rule 60(b) in his motion. Consequently, the only way in which we could have addressed the substance of his current claims on appeal was through an appeal of the circuit court's denial of his original petition for reinstatement of his gun rights. However, as noted above, petitioner failed to appeal the circuit court's order. Our law is quite clear in holding that "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. pt. 3, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). In other words, for this Court to reach the substance of the issues presented by petitioner, he should have appealed the denial of his petition for the reinstatement of his gun rights. Simply put, "Rule 60(b) is not a substitute for an appeal." *Nancy Darlene M. v. James Lee M.,* 195 W.Va. 153, 156, 464 S.E.2d 795, 798 (1995).

For the foregoing reasons, we find no error in the circuit court's March 6, 2014, order and we hereby affirm the same.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II