# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James E. Jones,**
**Plaintiff Below, Petitioner**

**vs)  No. 18-0212** (Hancock County 16-C-1)

**Marc Slotnick, Esq., individually and as**
**Agent for Bailey, Joseph & Slotnick, PLLC, a**
**Member of Bailey & Wyant, PLLC,**
**Wells Fargo Bank Minnesota National**
**Association nka Wells Fargo Bank, N.A., and**
**First American Title Insurance Co.,**
**Defendants Below, Respondents**

**FILED**

**September 9, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James E. Jones, by counsel Raymond A. Hinerman, appeals the order of the Circuit Court of Hancock County, entered on February 12, 2018, that denied his motion for reconsideration of the circuit court's dismissal of Mr. Jones's claims against Respondents Marc Slotnick and Wells Fargo Bank N.A., and granted Respondent First American Title Insurance Co.'s ("First American") motion for summary judgment. Mr. Slotnick, along with Respondents Bailey & Slotnick, PLLC, and Bailey & Wyant, PLLC, appears by counsel Kevin A. Nelson and Arie M. Spitz. First American appears by counsel Adam S. Ennis, Benjamin M. McFarland, and Meredith J. Risati. Wells Fargo appears by counsel Matthew D. Patterson and James Burns.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jones's civil claims are based on a real estate transaction he conducted (while unrepresented by counsel) with respondents in 2003, and title deficiencies he purports to have discovered years later. Less than two weeks after Mr. Jones filed his second amended complaint, Mr. Slotnick, the attorney who conducted the closing transaction on behalf of the seller, filed a motion to dismiss Mr. Jones's claims pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure on the ground that Mr. Jones's deed is not defective and Mr. Jones, therefore, failed to state a claim on which relief could be granted. Wells Fargo, the seller in the 2003 transaction, filed a motion to dismiss on similar grounds. The circuit court granted Mr. Slotnick's and Wells Fargo's

1

motions to dismiss, specifically finding that Mr. Jones had clear title to the property that was the subject of his claims. At the time of dismissal, there was a pending motion by Mr. Jones for the circuit court to compel Mr. Slotnick to appear for a deposition, as well as a pending motion by Mr. Jones for the circuit court to "continue" its consideration of "the motion for summary judgment" until Mr. Slotnick was made available for deposition.

Mr. Jones later filed a motion for reconsideration, noting that he sought clarification about the effect of the circuit court's dismissal order. The circuit court denied the motion for reconsideration by order entered on February 12, 2018. In the same order, the court found that any claims against First American, the insurer of Mr. Jones's title, were derivative of the claims against Mr. Slotnick and Wells Fargo. It noted that First American offered evidence of having corrected Mr. Jones's deed, and that Mr. Jones offered no evidence of actual loss. Consequently, the circuit court granted First American's motion for summary judgment. It is from this order that Mr. Jones now appeals.

On appeal, Mr. Jones asserts five assignments of error: that the circuit court erred in "failing to grant sanctions" for Mr. Slotnick's refusal to appear for a deposition; that Mr. Slotnick improperly represented both him and the seller in the real estate transaction; that the court erred in granting Mr. Slotnick's and Wells Fargo's motions to dismiss and First American's motion for summary judgment prior to ruling on the pending motion for sanctions; that the court failed to rule on his motion to continue its consideration of respondents' motions; and that the circuit court erred in denying his motion for reconsideration and clarification. We emphasize that Mr. Jones appealed the denial of his motion for reconsideration, which the circuit court appropriately considered under Rule 60(b) of the West Virginia Rules of Civil Procedure, based on the passage of time between the entry of the circuit court's orders and Mr. Jones' filing of his motion for reconsideration. The circuit court explained that Mr. Jones failed to articulate arguments falling within Rule 60(b) parameters. Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Concerning the review of a circuit court's denial of a motion for relief under Rule 60, we have held that "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Jividen v. Jividen*, 212 W. Va. 478, 575 S.E.2d 88 (2002). Our review is further framed within the understanding that the ruling ""is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless

2

there is a showing of an abuse of such discretion." Syllabus point 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974).' Syllabus, *Ross v. Ross*, 187 W.Va. 68, 415 S.E.2d 614 (1992)." *Johnson v. Nedeff*, 192 W. Va. 260, 266, 452 S.E.2d 63, 69 (1994).

Petitioner's first four assignments of error are outside the scope of our review because all attack the substance underlying the circuit court's final judgment. Only the fifth assignment of error addresses the circuit court's denial of the motion for reconsideration itself. In support of that fifth assignment of error, petitioner argues that his Rule 60(b) motion was intended "to correct a legal mistake"—that is, counsel's misunderstanding—as suggested by his styling of the motion as one for "reconsideration *and clarification*" (emphasis added).[1] We agree with the circuit court, however, that Mr. Jones's motion did not seek relief under any of the six grounds set forth in Rule 60(b). Rather, Mr. Jones expressed the confusion

> that the request for relief in Slotnick's Motion to Dismiss requests a dismissal of the Complaint, not just the granting of the Motion to Dismiss[.]

> Therefore, Plaintiff's concern about the Order is that the Order may be argued to dismiss the Complaint and arguably dismiss the case against [Slotnick] which argument goes well beyond what was argued and briefed, and what the Court intended.

We find that this statement fails to raise with the circuit court a cognizable argument for relief under Rule 60(b), particularly because the circuit court's order addressed each of Mr. Jones's claims and concluded with the clear statement that the motions to dismiss were granted in their entirety. In light of the thoroughness with which the circuit court addressed the claims and the clarity with which it rendered its judgment, Mr. Jones's motion appears to be little "more than a

---

[1] The face value of Mr. Jones's first and third assignments of error (that the circuit court failed to consider and grant his motion for sanctions prior to ruling on the motions for "summary judgment") and his fourth (that the circuit court erred in not granting his "motion to consider [respondent's] motion for summary judgment") might hint that Mr. Jones's arguments encompass a suggestion that the circuit court made a mistake—one implicating Rule 60(b)—in granting summary judgment prior to addressing outstanding pleadings meant to expand discovery. Mr. Jones's arguments in support of these assignments of error make no mention of mistake, but speak instead to "the right of a party to depose another party[,]" his right to "a reasonable opportunity to present all material[,]" and the circuit court's obligation "to defer action on a summary judgment motion until the completion of discovery." So stated, Mr. Jones's arguments attack the completeness of the evidence on which the circuit court's orders are based. With the exception of First American, however, all respondents were freed from the claims against them by the circuit court's grant of their motions to dismiss made pursuant to Rule 12(b)(6). The motions to dismiss, then, were weighed not by our summary judgment considerations, but under the inquiry of whether Mr. Jones stated a claim upon which relief could be granted. The circuit court considered only the documents appended to Mr. Jones's second amended petition, found that Mr. Jones's deed was not defective, and determined that Mr. Jones failed to state a claim. Subsequently, the circuit court granted First American's motion for summary judgment upon the finding—which has gone unchallenged here—that the claims against First American were derivative.

3

request that the . . . court change its mind . . .," and thus insufficient to merit Rule 60(b) relief. *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W. Va. 692, 705, 474 S.E.2d 872, 885 (1996). We find no argument supporting the assertion of legal mistake, and no error on the part of the circuit court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 9, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISQUALIFIED:**

Justice Margaret L. Workman