**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.) No. 22-577** (Webster County CC-51-2018-F-3)

**Michael Faulkner,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Michael Faulkner appeals the Circuit Court of Webster County's June 7, 2022, order revoking his probation.[1] The petitioner claims plain error, improper venue, lack of jurisdiction, and insufficient evidence to support his underlying conviction for obtaining money, goods, or services by false pretenses. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner was convicted of one count of obtaining money, goods, or services by false pretenses in 2018. The circuit court placed him on five years of probation and ordered restitution and community service. By order entered June 7, 2022, the court revoked the petitioner's probation after the petitioner admitted to violating its terms by failing to comply with and complete outpatient substance abuse treatment, failing to report to the probation office, and failing to pay restitution as ordered. The court imposed the statutorily required one-to-ten-year sentence for obtaining money, goods, or services by false pretenses. *See* W. Va. Code § 61-3-24. The petitioner now appeals, and "[w]e review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, in part, *State v. Duke*, 200 W. Va. 356, 489 S.E.2d 738 (1997).

In the petitioner's first assignment of error, he contends that the circuit court committed plain error when it revoked his probation "despite not being the correct venue for the [c]ase to be heard." In his second assignment of error, he argues that the court erred in revoking his probation when it lacked jurisdiction and, again, venue. The petitioner represents that the conduct giving rise to his underlying conviction occurred in Nicholas County, West Virginia, so he should have been prosecuted in Nicholas County rather than Webster County. In his third assignment of error, the petitioner claims error in the court's revocation of his probation because "the elements of

---

[1] The petitioner appears by counsel Mackenzie A. Holdren. The State appears by Attorney General Patrick Morrisey and Assistant Attorney General Mary Beth Niday.

1

'Obtaining Money by False Pretenses' were not met." He argues that he "did not *knowingly* make false statements or representations," so he lacked "intent to defraud." *See* W. Va. Code § 61-3-24 (addressing obtaining money, property, and services by false pretenses). The petitioner acknowledges that he previously raised "similar issues" before this Court. *See State v. Faulkner*, No. 21-0077, 2023 WL 4030075 (W. Va. June 15, 2023) (memorandum decision) (affirming 2020 revocation of probation due to the petitioner's usage of methamphetamine).

As we found when the petitioner previously raised a collateral challenge to his original conviction in appealing from the revocation of his probation, the petitioner "cannot use this appeal of his sentence for a probation violation to collaterally challenge his original conviction for obtaining money, goods, or services by false pretenses." *Id.* (citation omitted); *see also State v. Snyder*, No. 11-0134, 2011 WL 8199951, at *2 (W. Va. Nov. 15, 2011) (memorandum decision) (concluding that the petitioner's revocation proceeding was "not the proper forum" to challenge her underlying conviction). Accordingly, as was the case in *Faulkner*, we do not further address the petitioner's arguments.[2]  2023 WL 4030075, at *1.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 26, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[2] We also observe that, even if the petitioner could collaterally challenge his underlying conviction here, he has failed to substantiate any error. Although he claims certain occurrences during the trial resulting in his conviction, he has not provided this Court with "appropriate and specific citations to the record on appeal," most notably because he has failed to include any documents within the appendix record to which he could cite that substantiate his claims of trial error. *See* W. Va. R. App. P. 10(c)(7) (requiring a petitioner's argument to include "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal"); *see also Ross v. Ross*, 187 W. Va. 68, 71, 415 S.E.2d 614, 617 (1992) ("[I]t is indicated that the burden is on the appellant to produce before the appellate court a record sufficient affirmatively to disclose error committed to his prejudice in the trial court." (citation omitted)). "[W]e will take as nonexisting all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim." *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994). Importantly, an attorney's representations will not suffice as fact or otherwise cure deficiencies in a party's pursuit of demonstrating error. *See State v. Benny W.*, 242 W. Va. 618, 629, 837 S.E.2d 679, 690 (2019) ("[A] party can not establish facts in a case by asserting them in a brief. Those are nothing more than an attorney's statements, which are not evidence." (quoting *City of Helena v. Whittinghill*, 219 P.3d 1244, 1248 (Mont. 2009)).