Wanda C. Gabritsch

*v.*

Donald F. Gabritsch

(No. 14482)

Decided December 18, 1979.

*Robert M. Harvey* for appellant.

*Don C. Kingery, Kingery & Nibert* for appellee.

PER CURIAM:

In this proceeding the appellant, Wanda C. Gabritsch, contends that an attorney, whom she had previously relieved of representation, improperly, and without authority, prepared and submitted for entry a judgment order which adversely affected her. She also contends that the Circuit Court of Mason County erred in denying her motion, made under Rule 60(b) W.Va. R.C.P., to set aside that order.

On June 22, 1977, the Circuit Court of Mason County conducted a hearing in this divorce proceeding. After the appellant had presented her case, the court declared a recess. During that recess the parties discussed certain contested property matters. When the hearing resumed, counsel for the appellant's husband announced that the parties had, during the recess, reached an agreement. Among other points, the appellant, Mrs. Gabritsch, interjected, "It's not agreeable, but we accept." The judge asked: "I understand alimony will be waived." The appellant responded: "That's correct." Thereupon, the court granted the appellant a divorce and noted the court would confirm the agreement and that it would be merged into the final decree in the case.

According to the appellant's petition for appeal, after the hearing the appellant and her counsel fell into disagreement as to what the terms of the agreement reached during the recess had been. Some two weeks after the hearing, the appellant, by letter dated July 11, 1977, advised her counsel that she was relieving him of his representation of her in the case.

In spite of the appellant's letter, the appellant's counsel prepared and submitted for entry a judgment order incorporating the agreement reached during the recess in the divorce hearing. That order was approved by the husband's counsel and was entered on July 25, 1977.

Subsequently, the appellant filed a motion under Rule 60(b), W.Va. R.C.P., to set aside the final order. Among other points, the appellant alleged that:

1. Her counsel had no authority to prepare and submit for entry the judgment order because she had relieved him from representation of her in the case and had instructed him not to enter the order.

2. She was not adequately represented by counsel at the divorce hearing in that counsel (a) did not allow her to present favorable evidence; (b) counsel did not discuss the case with her prior to the hearing, and at the time of the hearing incorrectly advised her that she would have to reach a settlement agreement in the case; and (c) counsel made no attempt to put into the record any of the appellant's objections to the agreement.

Subsequent to the filing of the 60(b) motion, the trial court on May 24, 1978, conducted a hearing to determine whether there were sufficient grounds to set aside the divorce decree. At that hearing the appellant was permitted to introduce evidence on her motion. At the conclusion of the hearing, the court found that the settlement agreement arrived at between the parties during the recess had been dictated into and made a part of the record of the hearing. The court also found that at the time of the hearing the appellant had raised no objection to the agreement. The court concluded that the judgment order entered by the court reflected the ruling made by the court at the conclusion of the hearing. The court ruled that the appellant had failed to establish sufficient grounds under Rule 60(b) for the court to set aside the final decree and award a new trial.

The appellant, Mrs. Gabritsch, now appeals contending that the Judge of the Circuit Court of Mason County abused his discretion in denying her 60(b) motion when the undisputed facts in the case show that:

(a) Her former counsel had no authority to prepare and submit to the court for entry a judgment order

because he had been relieved by her as counsel and had been instructed by her not to enter the order.

(b) Appellant was denied due process of law because she received no notice that the judgment order would be entered.

(c) The evidence reveals substantial equitable circumstances in favor of the appellant such as require that the judgment order of July 25, 1977, be set aside on a Rule 60(b) motion.

We have held that a motion to vacate a judgment made pursuant to Rule 60(b), W.Va. R.C.P., is addressed to the sound discretion of the court, and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion. *Toler v. Shelton*, ___ W.Va. ___, 204 S.E.2d 85 (1974).

To support her contention that her former counsel had no authority to enter a judgment order because she had relieved him of representation of her in the case, the appellant relies upon *Kelly v. Belcher*, 155 W.Va. 757, 187 S.E.2d 617 (1972). In Syllabus point 2 of *Kelly* we said:

> "When it appears from the evidence that an order of dismissal confirming a compromise resulted from a misunderstanding or mistaken belief of the attorney for the parties whose cause of action was dismissed by virtue of the compromise and that such compromise was unauthorized and was not consented to by such parties, the judgment of the trial court denying their motion to set aside and vacate the order of dismissal constituted an abuse of discretion and such judgment will be reversed upon appeal."

The case before us is clearly distinguishable from the *Kelly* case in that in the case before us the appellant accepted and authorized the proposed divorce settlement as it was read into the record by her husband's attorney. She stated: "It's not agreeable, but we accept." When asked whether she understood that alimony would be waived, the appellant indicated that she did.

The final order as entered by the court contains substantially the same provisions contained in the compromise agreement as read into the record by the husband's attorney during the divorce hearing. The attorney who prepared the final order for entry had been retained by appellant; in preparing the order he substantially reduced the oral agreement which had been placed before the court in formal written form. In view of these circumstances, we cannot conclude that the trial court abused its discretion in denying the appellant's 60(b) motion on the ground that the appellant's former counsel had no authority to submit the order for entry to the court.

With regard to her other two contentions, that she was denied due process of law because she received no notice that the judgment order would be entered, and that the evidence reveals substantial equitable circumstances such as require the order to be set aside, the appellant introduced no evidence during the 60(b) motion hearing.

The case is distinguishable from *State ex rel. Atkinson v. Belcher,* ___ W.Va. ___, 258 S.E.2d 442 (1979) and *Peck v. Goshorn,* ___ W.Va. ___, 249 S.E.2d 765 (1978) where we held that the dismissal by the circuit court of an appeal of a civil case from the magistrate court without notice to the affected party of when the matter would be heard violates due process. Here the divorce case was heard in the circuit court. The appellant was present with her counsel and participated in the agreed settlement which was then communicated to the court and dictated into the record. The appellant was not deprived of notice, and as we have previously found, the order did not alter the material terms of the settlement agreement. The appellant's due process contention is, therefore, without merit.

The appellant's final ground, that the record reveals substantive equitable grounds for setting aside the order, is also without merit. We have reviewed the record of the rule 60(b) hearing and while it discloses that the appellant was not happy about the terms of the divorce

settlement or the performance of her retained counsel, nevertheless, it does not reveal any ground that would prove mistake, inadvertence, surprise, excusable neglect or unavoidable cause which we require on a Rule 60(b) motion. Dissatisfaction by the parties with the results of a divorce case is common, but such dissatisfaction does not constitute a ground for relief under Rule 60(b).

The judgment of the Circuit Court of Mason County is, therefore, affirmed.

*Affirmed.*