OPINION OF THE COURT
RENDELL, Circuit Judge.
The District Court granted the Defendants’ motion to dismiss as uncontested after the Plaintiff, Ethan Michael, Inc. (“EMI”), failed to respond. Thereafter, EMI filed a Motion for Relief From Judgment under Federal Rule of Civil Procedure 60(b).[1] The District Court held a hearing and denied EMI’s Motion. EMI appeals from the District Court’s denial of its Motion for Relief from Judgment.

*908
Background:

EMI owns 668 acres of land in Union Township, Berks County, Pennsylvania. For years, EMI attempted to develop some of this land into a recreational motor sports park and commercial campground, but this was opposed by the Township. On May 23, 2008, EMI filed suit against the Township and numerous other defendants (Township clerks and officials) pursuant to 42 U.S.C. § 1983 and the Pennsylvania Constitution.
The Defendants filed a motion to dismiss on September 2, 2008. A response to the motion to dismiss was due on September 19, 2008. EMI’s attorney, Eugene LaV-ergne [2], gave EMI a copy of the motion to dismiss and told EMI that he would prepare a response. LaVergne also told EMI that he would get an extension of time to respond to the motion to dismiss if necessary. LaVergne never responded to this motion.
On October 8, 2008, the District Court entered an order granting a motion to dismiss EMI’s lawsuit as uncontested because EMI had not responded to the Defendants’ motion to dismiss. In mid-November 2008, EMI checked the docket and discovered that the case had been dismissed. LaVergne assured EMI that this was an error and that he would straighten everything out. On December 16, 2008, LaVergne faxed EMI draft opposition papers to the motion to dismiss. In January 2009, EMI checked the docket again and learned that the opposition to the motion to dismiss was never filed and that the. complaint was still dismissed. EMI attempted to contact LaVergne, but LaV-ergne’s office phone number was disconnected.
In February 2009, Louis Mascaro, the sole owner and principal of EMI was hospitalized. In March 2009, EMI retained new counsel. On April 16, 2009, EMI filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[3]

The District CouH’s Oral Decision:

On October 8, 2009, the District Court held oral argument on EMI’s motion for relief from judgment.and ruled orally that same day. EMI contended in that motion that its failure to respond to the motion to dismiss amounted to “excusable neglect” under Rule 60(b)(1) and its reasons for not responding qualified as “any other reason that justifies relief’ under Rule 60(b)(6).
The District Court applied four factors established in Pioneer Inv. Services Co. v. Brunswick Associates. Limited Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) and applied by this Court in Nara v. Frank, 488 F.3d 187 (3d Cir.2007), to conclude that the Plaintiff had not “established excusable neglect sufficient to permit this Court to vacate its earlier ruling.” App. 249. The four factors are:
1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; *909 3) the reason for the delay — and whether it was within the movant’s control; and 4) whether the movant acted in good faith.
Nam, 488 F.3d at 194. The District Court noted that these factors should be analyzed under the totality of the circumstances and that EMI had the burden of proving that it was entitled to relief under the four factors. App. 249, 259.
Relying on numerous district court opinions, the District Court first determined that an attorney’s failure to respond to a motion due to carelessness, mistake, or ignorance of the rules does not amount to excusable neglect. The District Court found that the Defendants would be prejudiced by re-opening the case in terms of “time and expense and anxiety.” App. 251. The District Court next found, that, under the totality of the circumstances, the length of the delay was unreasonable because EMI knew the case had been dismissed in mid-November 2008 and did not move for relief from judgment until April 2009. The Court further noted that EMI provided no real reason for the delay other than it was hoping that one of its attorneys would respond to the motion.
The District Court then defined good faith as acting with “reasonable haste to investigate the problem, and to take available steps towards a remedy.” App. 256 (citing Kohl’s Dep’t Stores, Inc. v. Levco-Route 46 Assoc. L.P., 121 Fed.Appx. 971 (3d Cir.2005)) (non-precedential). The Court determined that EMI failed to present any evidence that it acted with “any haste, much less reasonable haste here, to take steps toward remedying Mr. Lav-ergne’s failure to respond to the defendant’s motion.” Id. The Court emphasized that EMI was aware of “the problem” for five months before taking any action. Id. The District Court concluded that such a “casual approach” to remedying the dismissal of the case does not indicate that EMI’s neglect was excusable. Id. at 257.
The • District Court then addressed EMI’s argument regarding the catch-all provision, Rule 60(b)(6), and found that its analysis of the four Pioneer factors persuaded it not to use its discretion to grant the relief sought.
Discussion[4]:
We review the District Court’s denial of EMI’s motion for relief from judgment under Rules 60(b)(1) and (6) for abuse of discretion. Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir.2002). The District Court abuses its discretion if it makes a clearly erroneous finding of fact, a mistaken conclusion of law, an improper application of fact to law, or if no reasonable person would reach the same decision. In re Cendant Corp. PRIDES Litigation, 235 F.3d 176, 181 (3d Cir.2000). “[W]e will not interfere with the [District [Cjourt’s exercise of discretion unless there is a definite and firm conviction that the court ... committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.” Id. (internal quotation marks omitted). An appeal from the denial of a motion brought pursuant to Rule 60(b) does not bring up the underlying judgment for review. Browder v. Director, Dept. of Corrections of Ill., 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).
The District Court correctly identified the four Pioneer factors as the proper test under Rule 60(b)(1) to determine if a party’s neglect was excusable. PRIDES Litigation, 235 F.3d at 182. This is an equita *910 ble test, which requires a court to take into account the totality of the circumstances. Id. In order to vacate a judgment under Rule 60(b)(6) for a reason not addressed by one of the other five subsections, a court must find that there are “extraordinary circumstances.” Budget Blinds, Inc. v. White, 586 F.3d 244, 251, 254 (3d Cir.2008). The “extraordinary circumstances” must suggest “that the party is faultless in the delay. If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party’s neglect must be excusable.” Pioneer, 507 U.S. at 393, 113 S.Ct. 1489 (internal citations omitted). In order to grant relief under Rule 60(b)(6), a party’s failure to act must be excused by an extraordinary situation — more than mere neglect, inadvertence, indifference, or careless disregard of circumstances. Ackermann v. United States, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950).
On appeal, EMI contends that the District Court abused its discretion in denying relief from the judgment under Rules 60(b)(1) and (6) because the circumstances justified relief under the excusable neglect test and under the catch-all provision. In particular, EMI argues that (1) the Defendants would not be prejudiced by granting the Rule 60(b) motion because having to defend against the lawsuit does not constitute prejudice, (2) the length of the delay was justified and would not impact the judicial proceedings, (3) the delay was not completely within EMI’s control[5], and (4) EMI acted in good faith. Further, EMI urges that, while an attorney’s ordinary negligence does not qualify as an extraordinary circumstance justifying relief under Rule 60(b)(6), the kind of gross negligence that LaVergne engaged in does warrant relief.
Reasonable minds could differ about whether the facts presented here justify granting relief from the judgment under Rule 60(b), either under the four factor excusable neglect test, or under the catchall provision. Therefore, we do not have a “definite and firm conviction” that the District Court “committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors” and do not find that the District Court abused its discretion in denying relief. PRIDES Litigation, 235 F.3d at 181.
Accordingly, we will AFFIRM the order of the District Court.

. For simplicity purposes we will describe conduct as being performed by EMI, although much of this conduct was actually performed by William Fox, in-house counsel to another company owned by EMI.

. LaVergne was assisted by John Cook as local counsel because LaVergne was not admitted to practice law in Pennsylvania. Cook’s role was limited to filing pleadings in this case and he was never retained by EMI. EMI does not allege that Cook's conduct was improper.

. Rule 60(b) provides, in relevant part:
(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(6) any other reason that justifies relief. Subsections (b)(2) through (b)(5) were not argued in this case and are not applicable.

. The District Court had jurisdiction under 28 U.S.C. § 1331. We exercise jurisdiction under 28 U.S.C. § 1291.

. EMI acknowledges that it had "some” control over the delay, but contends that this does not "automatically warrant the denial of a Rule 60(b) motion” based on excusable neglect. Appellant’s Br. 28. However, if a party contributes to the delay, relief is foreclosed under Rule 60(b)(6), the provision under which the Dissent would reverse. Pioneer, 507 U.S. at 393, 113 S.Ct. 1489. We cannot conclude that the District Court abused its discretion in failing to find that EMI was faultless in the delay because EMI concedes that it had some control over the delay. Even if we accept that EMI was misled by LaV-ergne until January 2009, despite the fact that EMI discovered that the case had been dismissed in November 2008, the motion to reopen was not filed until April 2009. We note that the cases relied on by the Dissent, Carter v. Albert Einstein Medical Center, 804 F.2d 805 (3d Cir.1986) and Boughner v. Secretary of Health, Education, and Welfare, 572 F.2d 976 (3d Cir.1978), both predate Pioneer and thus neither case applied the requirement that the party be faultless in the delay, which the Dissent concedes is applicable to this case. Further, both cases are distinguishable on the facts. Carter involved dismissal of the complaint as a discovery sanction and there is no indication in Boughner of the length of the delay between the plaintiffs' discovery of the dismissal and their filing of motions to reopen under Rule 60(b).