**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3496
_____

BARBARA PENCE,

Appellant

v.

MAYOR AND TOWNSHIP COMMITTEE
OF BERNARDS TOWNSHIP
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-08-cv-02312)
District Judge: Hon. Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 4, 2011

BEFORE: MC KEE, Chief Judge, FUENTES and COWEN , Circuit Judges

(Filed: November 2, 2011)
_____

OPINION
_____


COWEN, Circuit Judge.

Barbara Pence ("Pence") appeals from orders of the District Court granting the

Mayor and Township Committee of Bernards (collectively " the Township") summary judgment and denying Pence's Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. P. 60(b)(1).[1]  We will affirm.

## I.

Pence was employed by the Township as the Township Administrator from June 1994 until her resignation in December 2004.  As required by state law, N.J.S.A. 40A:15A-7, Pence was enrolled in the New Jersey Public Employee Retirement System (PERS).  Members of PERS who have completed 10 years of public employment and separate from service before reaching service retirement age can elect to receive a deferred retirement allowance beginning at the retirement age.  N.J.S.A. 43:15A-38.  In Pence's case, the retirement age is 60 years; in December 2004, at the time of Pence's resignation, Pence was age 53.  Because Pence had 10 years of service, she would be eligible for the deferred retirement allowance when she reached age 60.

In November 2003, approximately one year prior to Pence's resignation, the Township repealed its personnel policies' ordinance and replaced it with an Employee Handbook.  It is modified and renewed each year by resolution.  The handbook contains a Retirement Plan provision regarding the payment of accumulated but unused sick leave at retirement.  According to the provision, when an employee retires as defined by PERS, the "Township will make a cash payment of 50% of all sick leave earned . . . less the

[1] Pence relied on Local Rule 7.1, Fed. R. Civ. P. 15 and Fed. R. Civ. P. 60(b) to make her motion to reconsider and to amend the Complaint.  The District Court ultimately treated the motion as one made pursuant to Fed. R. Civ. P. 60(b).  On appeal, both parties treat the motion to reconsider and  to amend the Complaint as one pursuant to Fed. R. Civ. P. 60(b).

amount taken . . . that the employee may have received at the time of hire."

At the time of resignation in December 2004, Township Human Resources informed Pence that she would be entitled to a payment for her unused sick leave when she turned 60 and "file[s] for retirement under the NJ State Pension Plan." (Exh. JA115.) However, in July 2006, the Township notified Pence that she was ineligible for the payment for unused sick leave because she was not eligible for retirement when she separated from her employment in December 2004. Pence responded through her attorney that she is entitled to payment for unused sick leave.

Pence filed the instant action alleging that the Township deprived her of constitutional rights and due process of law in violation of the Fourteenth Amendment by denying payment. In their Motion for Summary Judgment, the Township argued that Pence's claim fails as a matter of law because she does not have a protectable property interest under the Fourteenth Amendment. The District Court granted the Township's motion, holding that the payment of unused sick leave is not a protectable property interest for due process purposes.

Pence filed a Motion for Reconsideration because her counsel failed to amend the Complaint to include a state law claim for breach of contract. After holding that Pence's reliance on Local Rule 7.1(i) and Fed. R. Civ. P. 15 was misplaced, the District Court analyzed the failure to amend the Complaint pursuant to Fed. R. Civ. P. 60(b)(1). The District Court analyzed whether the proffered reasons for failing to file an amended Complaint after leave to amend was granted by the Magistrate Judge constituted

"excusable neglect." It denied the motion, holding that "[t]he excuse that counsel forgot, or that the [Magistrate Judge's] Order was clipped to another document, is [] not a reason . . . to reopen this case." We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## II.

We first review the District Court's order granting summary judgment in favor of the Township. Our review of summary judgment is plenary. Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011). Summary judgment is proper if the moving party "shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

Pence brought this action alleging a single violation of 42 U.S.C. § 1983. A violation of 42 U.S.C. § 1983 requires a showing that (1) the defendant acted under color of state law, and (2) the defendant's actions deprived the plaintiff of a right secured by the United States Constitution or a federal statute. It is undisputed that Pence established the first prong of this analysis.

To satisfy the second prong, Pence alleged a violation of her due process rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Due Process Clause of the Fourteenth Amendment secures procedural and substantive due process rights. Pence's appeal is directed towards the District Court's holding regarding procedural due process.

To state a claim under § 1983 for the deprivation of procedural due process rights

4

a plaintiff must allege (1) a deprivation of a protectable property interest and (2) that the procedures available did not provide due process of law. Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006). Pence contends that her unused sick leave is a constitutionally protectable property interest. We disagree.

Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Id. In support of her position that her unused sick leave is a constitutionally protectable property interest, Pence relies in part on Section 9-136 of Title 40A of the New Jersey statute which authorizes the governing body of any municipality to create the office of municipal administrator by ordinance. N.J.S.A. 40A:9-136. The statute directs that the municipal administrator "shall receive such compensation as the ordinance creating such office shall provide and as from time to time may otherwise be directed by the governing body ordinance." Id. Pence bolsters her argument with a discussion of New Jersey State Court case law highlighting the difference between municipal action by ordinance and by resolution and interpreting purportedly analogous state statutes.

We are not persuaded that New Jersey law establishes "a legitimate claim of

entitlement to" payment for unused sick leave in Pence's circumstances. First, the statute on which Pence relies leaves to the discretion of the municipality the creation of the office of municipal administrator. In instances where the municipality chooses to create such an office, the statute does not specify the compensation for the position, including whether the employee should receive sick leave during the course of employment, let alone be compensated for unused sick leave after separation. Rather, the sole basis for the sick leave in which Pence argues she has a protectable property interest is the Township's Employee Handbook. By its own terms, the Employee Handbook and the policies contained therein can be unilaterally amended by the Township. The Employee Handbook does not secure any protectable property interest in payment for accrued sick leave. Accord Cooley v. Pa. Hous. Fin. Agency, 830 F.2d 469, 473 (3d Cir. 1987) (rejecting an employment manual as the basis for plaintiff's right to continued employment, stating "the key to resolving whether a protected property interest has been presented through the enabling statute is by identifying a statement of the [] legislature . . .").

Pence cites two cases that mention vacation and sick time as a constitutionally protected property interest: N.J. Ass'n of Sch. Adm'rs v. Schundler, 414 N.J. Super. 530 (App. Div. 2010) and Caponegro v. State Operated Sch. Dist. of Newark, 330 N.J. Super. 148 (App. Div. 2000). Both cases address the issue in the context of Title 18A of the New Jersey statute, which governs education. Title 40A, which governs municipalities and counties, is applicable to Pence's employment with the Township. For employees

6

governed by Title 18A, sick leave and its accumulation are provided by statute. N.J.S.A.18A:30-2, 3. No such right is provided to municipal administrators by Title 40A. In light of the differences between the statutory schemes of Title 18A and Title 40A, we cannot conclude that there is a protectable property interest in Pence's case.

Other cases relied on by Pence address employment benefits in the context of a contractual right or the validity of a contract, rather than a constitutionally protected property interest. See N.J. Ass'n of Sch. Bus. Officials v. Lucille E. Davy, Comm'r, N.J. Dep't of Educ., 409 N.J. Super. 467 (App. Div. 2009); McCurrie v. Town of Kearney, 344 N.J. Super. 470 (App. Div. 2001). We have recognized only two general types of contracts that create protectable property interests: one type is a contract characterized by the quality of either the extreme dependence, or permanence and sometimes both; the other type is where the contract contains a provision that the state entity can terminate the contract only for cause. Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1399 (3d Cir. 1991). If the Employee Handbook is a contract, it is neither type of contract that creates a protectable property interest.

**III.**

We also see no error in the District Court's denial of Pence's motion pursuant to Fed. R. Civ. P. 60(b). The denial of a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 60(b) is reviewed under an abuse of discretion standard. Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). "An abuse of discretion may be found when 'the district court's decision rests upon a clearly erroneous finding of fact, an errant

7

conclusion of law or an improper application of law to fact.'" Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F. 3d 305, 311 (3d Cir. 1999) (quoting Int'l Union, UAW v. Mack Trucks, Inc., 820 F.2d 91, 95 (3d Cir.1987)). In analyzing Pence's motion, the District Court identified the four Pioneer factors as the proper test under Rule 60(b)(1) to determine if a party's neglect was excusable, and took into account the totality of circumstances. Ethan Michael Inc. v. Union Twp., 392 Fed. Appx. 906, 909-10 (3d Cir. 2010). Pence neglected to amend her Complaint by the deadline set by the Magistrate Judge and delayed six months – until after the parties engaged in briefing on the motion for Summary Judgment. The District Court also found that the Township would be prejudiced if Pence's motion was granted.

## IV.

For the foregoing reasons, we will affirm the July 21, 2010 and October 15, 2010 orders of the District Court.