IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2015 Term

**FILED**

October 8, 2015

released at 3:00 p.m.
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

No. 15-0151


STATE OF WEST VIRGINIA EX REL.
THE FIRST STATE BANK,
Petitioner

v.

HONORABLE F. JANE HUSTEAD,
JUDGE OF THE CIRCUIT COURT OF
CABELL COUNTY, WEST VIRGINIA,
AND JEFFREY B. POWERS,
Respondents

---

PETITION FOR WRIT OF PROHIBITION

WRIT DENIED

---

Submitted:  September 15, 2015
Filed:  October 8, 2015


Daniel T. Yon, Esq.                         Jennifer S. Wagner, Esq.
David D. Amsbary, Esq.                       Mountain State Justice, Inc.
Bailes, Craig & Yon, PLLC                    Clarksburg, West Virginia
Huntington, West Virginia                    Attorney for Respondent Powers
Attorneys for Petitioner


CHIEF JUSTICE WORKMAN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "'A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W.Va. Code 53-1-1.' Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver,* 160 W.Va. 314, 233 S.E.2d 425 (1977)." Syl. Pt. 1, *State ex rel. York v. W.Va. Office of Disciplinary Counsel*, 231 W.Va. 183, 744 S.E.2d 293 (2013).

2.      "'A court, in the exercise of discretion given it by the remedial provisions of *Rule* 60(b), W.Va. R.C.P., should recognize that the rule is to be liberally construed for the purpose of accomplishing justice and that it was designed to facilitate the desirable legal objective that cases are to be decided on the merits.' Syl. Pt. 6, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974)." Syl. Pt. 10, *Rose v. Thomas Mem'l Hosp. Found., Inc.*, 208 W.Va. 406, 541 S.E.2d 1 (2000).

3.      "A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974).

i

**Workman, Chief Justice:**

Petitioner, The First State Bank (hereinafter the "Bank"), invokes this Court's original jurisdiction seeking a writ of prohibition. The Bank asks that we prevent the Circuit Court of Cabell County, West Virginia, from enforcing its order granting Respondent Jeffrey B. Powers' motion for relief from judgment. After a careful review of the briefs and the appendix record, and upon consideration of the arguments of the parties, we deny the writ.

## I. PROCEDURAL HISTORY

In the underlying dispute, the Bank filed suit against Mr. Powers seeking payment of the outstanding balance remaining on a $15,000.00 loan it made to him in February of 2012. Jackie Cantley, the Bank's Vice President, was the loan officer who arranged Mr. Powers' loan. At the time of the filing of the complaint in June of 2013, the Bank asserted Mr. Powers owed it $13,098.86. Mr. Powers did not file a responsive pleading to the complaint or serve discovery upon the Bank regarding the underlying debt. Rather than litigate the matter, Mr. Powers, represented by counsel, entered into an "Agreed Order Confessing Judgment" with the Bank for the full amount and agreed to a

1

payment plan. The circuit court entered the Agreed Order Confessing Judgment on August 16, 2013, and the matter was dismissed.[1]

In September of 2013, a Grand Jury for the United States District Court for the Southern District of West Virginia indicted Mr. Cantley on six counts of bank fraud and related charges. Mr. Cantley allegedly made loans in violation of bank policies, did not appropriately underwrite loans, misapplied funds, moved loan funds between different person's accounts without authorization, forged signatures, made multiple disbursements from closed end loans, and failed to keep appropriate or accurate records.[2] In February of 2014, Mr. Cantley agreed to plead guilty to count four of the indictment, through which he was charged with a violation of 18 U.S.C. § 656 (West 1996)[3] (theft or embezzlement by bank officer or employee).

---

[1] Thereafter, Mr. Powers made some payments to the Bank.

[2] The indictment does not specifically reference Mr. Powers' loan.

[3] 18 U.S.C. § 656 provides, in part:

> Whoever, being an officer, director, agent or employee of, or connected in any capacity with any Federal Reserve bank, member bank, depository institution holding company, national bank, insured bank, branch or agency of a foreign bank, or organization operating under section 25 or section 25(a) of the Federal Reserve Act, . . . embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank, branch, agency, or organization or holding company or any moneys, funds, assets or securities

(continued . . .)

After learning of Mr. Cantley's guilty plea, Mr. Powers became suspicious regarding the circumstances of his loan with the Bank. In April of 2014, Mr. Powers requested documentation supporting the allegations in the Bank's complaint; Mr. Powers contends the Bank never provided any documents to him evidencing the terms of the loan or setting forth how his payments had been applied. The Bank did not respond to this request.

In May of 2014, Mr. Powers, represented by new counsel, filed a motion for relief from the confessed judgment pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. Mr. Powers attached his sworn affidavit to the motion. According to Mr. Powers, he wanted to borrow a much smaller amount of money but agreed to accept the $15,000.00 check because Mr. Cantley said he could make payments he could afford over time. Mr. Powers stated he made payments as agreed. However, in May of 2013, a Bank representative telephoned Mr. Powers and accused him of bank fraud and stated that he could "go to jail for a long time." This representative also said that the Bank was going to "take the collateral for the loan." After receiving the Bank's complaint in the

intrusted to the custody or care of such bank, branch, agency, or organization, or holding company or to the custody or care of any such agent, officer, director, employee or receiver, shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both[.]

3

mail, Mr. Powers authorized his former attorney to enter into a consent judgment because he feared he would lose his home and he knew he could not afford to pay the amount the Bank claimed he owed in one lump sum.

Mr. Powers claimed that after he learned Mr. Cantley pleaded guilty to bank fraud, he suspected there were improprieties regarding his loan. Mr. Powers swore in his affidavit he never received loan documentation from the Bank and, therefore, was unaware what the interest rate was or the terms of the agreement. Furthermore, Mr. Powers stated that "[i]f such a document does exist, I do not believe that I signed it, and if I did, I had no knowledge that I was signing such a document."

Based on the foregoing assertions, Mr. Powers argued that relief from the Agreed Order Confessing Judgment was appropriate in this case because the judgment was void, was obtained by fraud, misconduct, and fraud on the court, and/or warranted by the discovery of new evidence. Further, Mr. Powers maintained it was in the interests of justice to allow a decision to be reached on the merits of the case.

At the time he filed the motion to set aside the Agreed Order Confessing Judgment, Mr. Powers also requested leave to file an answer, affirmative defenses, and a counterclaim against the Bank. In his counterclaim, Mr. Powers alleged the Bank engaged in illegal debt collection conduct pursuant to the West Virginia Consumer Credit

4

Protection Act,[4] fraud, breach of contract, abuse of process and malicious prosecution. Acknowledging that those claims could be filed as a separate action because he signed no release when executing the Agreed Order Confessing Judgment, Mr. Powers stated he filed the counterclaim with the present action "to reach the most efficient resolution of the issues by presenting them in one case for resolution on the merits."

Three days prior to the hearing scheduled on the matter, the Bank served its response to Mr. Powers' motion on July 8, 2014, and attached the previously-requested loan documentation.[5] In its pleading, the Bank asserted Mr. Powers failed to meet his burden under Rule 60(b) of the West Virginia Rules of Civil Procedure because he failed to demonstrate any extraordinary circumstances that would justify relief from judgment.

The circuit court conducted a hearing on the motion on July 11, 2014, and heard argument from counsel. By order entered October 7, 2014, the circuit court held that relief from judgment was justified pursuant to Rule 60(b)(6).[6] The circuit court found

---

[4] *See* W.Va. Code §§ 46A-1-101 to -8-102 (2015).

[5] The promissory note in the appendix record before this Court is basically illegible but it appears to display Mr. Powers' signature. The "Consumer Loan Application" form has a line drawn across the words "Consumer Loan" and the word "Commercial" is handwritten at the top of the document. The documents do not specify any collateral for the loan.

[6] The circuit court rejected Mr. Powers' argument that the Agreed Order Confessing Judgment was void under the West Virginia Consumer Credit and Protection Act. The relevant portion of that statute provides that "[a] consumer may not authorize (continued . . .)

"the circumstances surrounding the loan at issue at a minimum make the loan questionable" and "a decision on the merits is favored." The Bank petitioned this Court for prohibitory relief from this ruling on February 25, 2015.

## II. STANDARD FOR ISSUANCE OF WRIT

The instant proceeding comes before this Court as a petition for a writ of prohibition. In its petition, the Bank asserts the circuit court committed clear legal error when it set aside an Agreed Order Confessing Judgment entered into between the parties and their respective counsel "in the absence of a finding by the [c]ourt of extraordinary circumstances justifying such relief." The Bank argues the order granting Mr. Powers' motion for relief from judgment will compel re-litigation of a matter that the parties previously resolved. Mr. Powers responds that the Bank will not be required to re-litigate anything, given that this case had a very short history with only the filing of the Complaint followed by a confession of judgment. Furthermore, litigation between the parties has not concluded but will proceed on Mr. Powers' allegations against the Bank for violations of the Consumer Credit Protection Act; if this Court does grant the Bank's

---

any person to confess judgment on a claim" arising out of a consumer loan and any such authorization is "void." W.Va. Code § 46A-2-117. Nevertheless, the statute does not prohibit the consumer himself from confessing judgment. Therefore, the circuit court did not base relief from judgment on Rule 60(b)(4). The circuit court further declined to rule conclusively on (1) whether the Bank engaged in misconduct or fraud; and (2) whether newly-discovered evidence relating to the indictment and guilty plea of the loan officer supported setting aside the judgment. *See* W.Va.R.Civ.P. Rule 60(b)(2) and (3).

6

request for prohibitory relief, Mr. Powers states he will assert those claims in an original action.

With respect to a request for prohibitory relief, this Court has held:

> "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W.Va. Code 53-1-1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver,* 160 W.Va. 314, 233 S.E.2d 425 (1977).

Syl. Pt. 1, *State ex rel. York v. W.Va. Office of Disciplinary Counsel*, 231 W.Va. 183, 744 S.E.2d 293 (2013).[7] With these principles in mind, we consider the merits of the Bank's request for a writ of prohibition.

## III. DISCUSSION

### A. West Virginia Rule of Civil Procedure 60(b)(6)

---

[7] *See also* Syl. Pt. 4, *State ex rel. Hoover v. Berger,* 199 W.Va. 12, 483 S.E.2d 12 (1996) ("In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.").

West Virginia Rule of Civil Procedure 60(b)[8] authorizes a circuit court to grant relief from a final judgment for five enumerated reasons or "any other reason that justifies relief." W.Va.R.Civ.P. 60(b)(6).[9] While this "catch-all" reason includes few textual limitations, its context requires that it be invoked in only extraordinary circumstances when the reason for relief from judgment does not fall within the list of enumerated reasons contained within the rule. *See* J. Cleckley, J. Davis, and L. Palmer,

---

[8] The rule provides, in pertinent part:

> *Mistakes; Inadvertence; Excusable Neglect; Unavoidable Cause; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

[9] Similarly, the Rule 60(b)(6) federal counterpart grants courts the power to vacate judgments "whenever such action is appropriate to accomplish justice." *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.,* 953 F.2d 17, 19 (1st Cir.1992). Rule 60(b)(6) provides relief from judgment for "any other reason" not otherwise covered by the rule. Fed.R.Civ.P. 60(b)(6).

*Litigation Handbook on West Virginia Rules of Civil Procedure* § 60(b)(6) at 1319 (4th ed. 2012); Syl. Pt. 2, *Hustead ex rel. Adkins v. Ashland Oil, Inc.,* 197 W.Va. 55, 56, 475 S.E.2d 55, 56 (1996) ("One of the purposes of West Virginia Rule of Civil Procedure 60(b) is to provide a mechanism for instituting a collateral attack on a final judgment in a civil action when certain enumerated extraordinary circumstances are present. When such extraordinary circumstances are absent, a collateral attack is an inappropriate means for attempting to defeat a final judgment in a civil action.").

This Court stated in *Powderidge Unit Owners Association v. Highland Properties, Ltd.,* 196 W.Va. 692, 474 S.E.2d 872 (1996), that a circuit court is not "required to grant a Rule 60(b) motion unless a moving party can satisfy one of the criteria enumerated under it. In other words, a Rule 60(b) motion to reconsider is simply not an opportunity to reargue facts and theories upon which a court has already ruled." Id. at 706, 474 S.E.2d at 886. As we recognized in *N.C. v. W.R.C.,* 173 W.Va. 434, 317 S.E.2d 793 (1984): "'The provisions of this rule [(60(b))] must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of *all* the facts.'" 173 W.Va. at 437, 317 S.E.2d at 796 (quoting *Bankers Mortgage Co. v. U.S.,* 423 F.2d 73, 77 (5th Cir.1970)).

To balance the competing policies of finality of judgments and resolving litigation on the merits, courts considering motions under Rule 60(b)(6) ordinarily

examine a variety of factors. Recognizing that the motion must be determined on a case-by-case basis, this Court has chosen not to adopt specific factors that are applied rigidly. Rather, courts consider the factors raised by the movant and incorporate them "into a holistic appraisal of the circumstances." *Ungar v. Palestine Liberation Org.,* 599 F.3d 79, 83-84 (1st Cir. 2010). "[T]here is no ironclad rule requiring an in-depth, multi-factored analysis in every case. Sometimes one factor predominates to such an extent that it inexorably dictates the result." *Id.* at 86; *see also Richard v. Boggs*, 162 P.3d 629, 636 (Alaska 2007) (discussing judicial need to consider equities of case when deciding Rule 60(b)(6) motion).

### B. Circuit Court's Discretion on Rule 60(b)(6) Motions

A circuit court has broad discretion in ruling on a motion under Rule 60(b)(6). In syllabus point ten of *Rose v. Thomas Memorial Hospital Foundation, Inc.*, 208 W.Va. 406, 541 S.E.2d 1 (2000), we held:

> "A court, in the exercise of discretion given it by the remedial provisions of *Rule* 60(b), W.Va. R.C.P., should recognize that the rule is to be liberally construed for the purpose of accomplishing justice and that it was designed to facilitate the desirable legal objective that cases are to be decided on the merits." Syl. Pt. 6, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974).

*See generally Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670-71 (2d Cir. 1977) ("While any motion under Rule 60(b) is addressed to the discretion of the trial court . . . this discretion is especially broad under subdivision (6), because relief under it is to be

10

granted when 'appropriate to accomplish justice,' *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266 (plurality opinion of Black, J.), *modified on other grounds*, 336 U.S. 942, 93 L.Ed. 1099 (1949); *see* 11 C. Wright & A. Miller, [Federal Practice and Procedure] § 2864, at 211-12 [(1971)].").

This Court likewise affords deference to rulings presented for relief under Rule 60(b). In syllabus point five of *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974), we held: "A motion to vacate a judgment made pursuant to Rule 60(b), W.Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." This Court's standard of review "reflects the circuit court's institutional position as the forum best equipped for determining the appropriate use of Rule 60(b)[.]" *Powderidge*, 196 W. Va. at 705, 474 S.E.2d at 885.

### C. The Bank's Petition for Extraordinary Relief

As discussed above, this Court exercises judicial restraint in granting the extraordinary relief of a writ of prohibition. For that reason, we are not surprised that the Bank does not cite a single case wherein we granted extraordinary relief to prevent a circuit court from enforcing its order on a Rule 60(b)(6) motion. Nevertheless, the Bank seeks this relief, alleging the circuit court "abused its legitimate powers" by granting Mr. Powers' Rule 60(b) motion. The Bank asserts the circuit court failed to define extraordinary circumstances and provided no finding of fault with regard to the Agreed

11

Order Confessing Judgment. As the Bank posits, relief was improperly sought by a party who changed his mind after choosing to settle a case.

The Bank relies on *Gabritsch v. Gabritsch*, 164 W.Va. 146, 260 S.E.2d 841 (1979), a case in which this Court affirmed on direct appeal a trial court's order denying a wife's motion to set aside a judgment entered in a divorce proceeding. In *Gabritsch*, we stated "[d]issatisfaction by the parties with the result of a divorce [settlement] is common, but such dissatisfaction does not constitute ground for relief under Rule 60(b)." 164 W.Va. at 151, 260 S.E.2d at 844. We find the Bank's reliance on *Gabritsch* unavailing because that case is clearly distinguishable from the matter before us; the wife fully litigated her case on the merits and accepted the divorce settlement as it was read into the record. Unlike *Gabritsch*, Mr. Powers does not seek merely to re-litigate legal issues heard at an underlying proceeding.

The Bank also rests on *Benjamin H. v. Walker*, No. CV.A.3:99-0338, 2009 WL 590160, at *1 (S.D.W.Va. Mar. 6, 2009), a case in which a federal district court refused to grant Rule 60(b)(6) relief, because "[f]ailure to litigate an issue before choosing to settle the dispute does not create an extraordinary circumstance." Yet, *Benjamin H.* is patently dissimilar to the instant case. In *Benjamin H.,* the state agency negotiated a settlement of a certified class action and challenged the consent order *nine years* after it was entered without demonstrating any particular support for its Rule 60(b) motion other than a new legal theory that had not previously been advanced. Here, Mr.

12

Powers filed his motion within months of learning that the Bank's loan officer pleaded guilty to bank fraud. He also submitted an affidavit in support of his motion alleging facts that would justify setting aside the judgment.

The Bank essentially argues it is entitled to prohibitory relief from this Court because the circuit court *should* have denied Mr. Powers' Rule 60(b) motion. While not admitting any misconduct with regard to the loan transaction, the Bank maintains the actions of the Bank that Mr. Powers now complains about were known to him at the time he signed the Agreed Order Confessing Judgment *and* he was represented by counsel at that time.[10] Yet inherent in the deferential abuse-of-discretion standard is a command of "judicial restraint, which safeguard[s] the superior vantage points of those entrusted with primary decisional responsibility." *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 320-21 (4th Cir. 2008). When reviewing a circuit court's decision for abuse of discretion, words like "could" and "should" are not part of our judicial vocabulary. The abuse-of-discretion standard "draws a line . . . between the

---

[10] Mr. Powers does not allege any negligence on the part of his prior counsel or argue that he should be relieved from judgment based on this claim. We note, however, that courts are split on the issue of whether a motion for relief of judgment in a civil matter can be based on attorney neglect. *See generally Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir. 2000) (denying Rule 60(b) motion because "exclusive remedy for legal malpractice in a civil case . . . is a suit for malpractice or for breach of fiduciary duty."), *but see Ethan Michael Inc. v. Union Twp.*, 392 F. App'x 906, 911 (3d Cir. 2010) (stating attorney neglect may constitute extraordinary circumstance supporting relief under Rule 60(b)(6)).

unsupportable and the merely mistaken." *Evans*, 514 F.3d at 321. Reversal is proper only in the former instance.

Since relief under Rule 60(b)(6) is discretionary, this Court is disinclined to substitute our judgment for that of the circuit court on direct appeal; we certainly refuse the invitation to do so through extraordinary relief in this case based on the record before us. When considering a Rule 60(b)(6) motion, a circuit court should use its discretion to determine if the granting of such motion would further justice. The circuit court has done exactly that here.

This Court is persuaded that the circuit court reviewed the underlying circumstances and exercised its discretion appropriately to grant Rule 60(b)(6) relief because justice dictates that this case be decided on the merits. The pleadings in the appendix record reveal substantial equitable considerations that balance the scales in favor of Mr. Powers. Although the circuit court did not use the phrase "extraordinary circumstances" in its ruling, several such factors supported its decision: the lack of discovery in the case; the fact that the loan officer at issue later pleaded guilty to bank fraud; allegations of fraudulent inducement in the loan; and newly-discovered evidence of the loan documentation that the Bank had previously refused to provide to Mr. Powers. Evidently the circuit court recognized the need to jointly resolve the merits of the Bank's claims against Mr. Powers and Mr. Powers' claims against the Bank. *See Cruciotti v. McNeel*, 183 W. Va. 424, 430, 396 S.E.2d 191, 197 (1990) ("Although the circuit court

14

failed to articulate *specifically* the grounds for relief under Rule 60[6], apparently it recognized that the interests of justice required conducting further proceedings on the matter.").

Accordingly, we find that the circuit court's decision to grant Mr. Powers' motion to vacate the judgment was within the parameters of its sound discretion and the record fully supports its conclusions. Therefore, we deny the Bank's request for prohibitory relief because this case does not warrant the exercise of this Court's original jurisdiction.

## IV. CONCLUSION

Based upon the foregoing, this Court denies the writ of prohibition sought by the Bank to prevent the Circuit Court of Cabell County from enforcing its October 7, 2014, Order Granting Motion for Relief from Judgment.

Writ denied.

15