No. 16-1208 – <u>State of West Virginia v. Carter Perry King</u>

**FILED**

**April 5, 2018**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

LOUGHRY, Justice, dissenting:

In reversing the circuit court's denial of the petitioner's motion for a hearing pursuant to West Virginia Code § 27-6A-6, the majority has improperly intruded upon the discretion of the circuit court.

In February of 2004, the petitioner was indicted by a grand jury on two counts of sexual abuse by a parent, guardian, or custodian and two counts of second-degree sexual assault. In a December 18, 2008, order the circuit court found that the petitioner was not competent to stand trial, was not substantially likely to attain competency, and but for the fact that the petitioner was not competent to stand trial, he would have been convicted of the crimes charged.[1] As a result, the circuit court ruled that it would maintain jurisdiction over the petitioner for forty to ninety years, which is the maximum possible sentence the petitioner could have received if convicted, or until such time that the petitioner attained competency.

In April of 2016, the petitioner filed a motion to offer a defense to the crimes charged against him pursuant to West Virginia Code § 27-6A-6. By order of

---

[1]In a statement to law enforcement, the petitioner admitted that he had intercourse with the alleged victim and provided details regarding the encounter. The circuit court, however, granted the petitioner's motion to suppress the statement on the basis that the petitioner lacked the capacity to knowingly and voluntarily make a confession.

1

December 9, 2016, the circuit court denied the petitioner's motion for a hearing. It is from the December 9, 2016, order that the petitioner appealed.

Significantly, the circuit court's decision whether to grant a hearing pursuant to West Virginia Code § 27-6A-6 is discretionary. The statute expressly provides for a hearing only "[i]f the court of record in its discretion grants" to a defendant who has been found not competent to stand trial "an opportunity to offer a defense thereto on the merits before" the circuit court. "Typically, a grant of discretion to a lower court commands this Court to extend substantial deference to such discretionary decisions." *State v. Allen*, 208 W.Va. 144, 155, 539 S.E.2d 87, 98 (1999). This Court has recognized that "inherent in the deferential abuse-of-discretion standard is a command of judicial restraint, which safeguards the superior vantage points of those entrusted with primary decisional responsibility." *State ex rel. First State Bank v. Hustead*, 237 W.Va. 219, 225, 786 S.E.2d 479, 485 (2015) (internal quotation marks and brackets omitted) (citation omitted). Further, "[w]hen reviewing a circuit court's decision for abuse of discretion, words like 'could' and 'should' are not part of our judicial vocabulary. The abuse-of-discretion standard draws a line between the unsupportable and the merely mistaken. Reversal is proper only in the former instance." *Id.* (internal quotation marks, citations, and ellipses omitted).

In the case at bar, the majority failed to extend substantial deference to the circuit court's decision, ignored judicial restraint, and simply replaced the circuit court's

2

decision with its own. It is clear that the circuit court's denial of the petitioner's motion for a hearing pursuant to West Virginia Code § 27-6A-6 is supportable. In a hearing on the petitioner's motion, the petitioner indicated that, in his defense, he planned to "question the credibility of the alleged victim[,] . . . perhaps present alternative explanations for any physical evidence[,] . . . [a]nd . . . submit . . . evidence as to [his] character and actions at the time of the alleged offense." Notably, all of this alleged evidence would have been available to the petitioner at the time of his competency proceedings, and there is no reason he could not have presented the alleged evidence at that time. Consequently, the circuit court did not abuse its discretion in denying to petitioner the right to present this alleged evidence almost eight years after he was deemed not competent to stand trial.

Further, the petitioner based much of his argument on appeal on alleged errors in the circuit court's December 18, 2008, order that found him not competent to stand trial. Specifically, the petitioner asserted that because of an absence of records in this case, there is a lack of evidentiary proof to support the circuit court's findings in the December 18, 2008, order. However, if the petitioner wished to challenge the December 18, 2008, order, he should have appealed that order within the applicable time frame which has long since expired.

In sum, the circuit court was well within its discretion in denying the petitioner's motion for a hearing pursuant to West Virginia Code § 27-6A-6. In support

of his motion, the petitioner offered nothing but old evidence and untimely arguments. For these reasons, I would affirm the circuit court's order. Therefore, I respectfully dissent.