IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2019 Term

_____

No. 17-1106

_____

FILED

**March 27, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

SAMUEL R. AMORUSO, JR. d/b/a QUALITY SUPPLIER TRUCKING, INC., a
West Virginia Corporation,
Defendant Below, Petitioner

v.

COMMERCE AND INDUSTRY INSURANCE COMPANY,
Plaintiff Below, Respondent

_____

Appeal from the Circuit Court of Mineral County
The Honorable Lynn A. Nelson, Judge
Case No. 14-C-75

AFFIRMED

_____

Submitted: January 29, 2019
Filed: March 27, 2019

James E. Smith II, Esq.                    Richard F. Shearer, Esq.
Keyser, West Virginia                      Shook, Hardy & Bacon L.L.P
Counsel for Petitioner                     Kansas City, Missouri

                                           Clinton W. Smith, Esq.
                                           Law Office of Clinton W. Smith
                                           Charleston, West Virginia

                                           Counsel for Respondent

CHIEF JUSTICE WALKER delivered the Opinion of the Court.

JUSTICE WORKMAN and JUSTICE HUTCHISON dissent and reserve the right to file dissenting opinions.

**SYLLABUS BY THE COURT**

1.  "'A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion.' Syl. Pt. 3, *Intercity Realty Co. v. Gibson*, 154 W. Va. 369, 175 S.E.2d 452 (1970) [overruled on other grounds by *Cales v. Wills*, 212 W. Va. 232, 569 S.E.2d 479 (2002)]." Syllabus Point 6, *Games-Neely ex rel. W. Va. State Police v. Real Prop.*, 211 W. Va. 236, 565 S.E.2d 358 (2002).

2.  "In determining whether a default judgment should be . . . vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party." Syllabus Point 3, in part, *Parsons v. Consol. Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979).

3.  "In addressing a motion to set aside a default judgment, 'good cause' requires not only considering the factors set out in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979), but also requires a showing that a ground set out under Rule 60(b) of the West Virginia Rules of Civil Procedure has been satisfied." Syllabus Point 5, *Hardwood Grp. v. Larocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006).

i

4.      "'To enable a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction.' Syl. Pt. 3, *State ex rel. Smith v. Bosworth*, 145 W. Va. 753, 117 S.E.2d 610 (1960)." Syllabus Point 1, *Leslie Equip. Co. v. Wood Res. Co., L.L.C.*, 224 W. Va. 530, 687 S.E.2d 109 (2009).

5.      An erroneous application of the law does not render a judgment void and, therefore, does not provide a basis for relief from void judgments under Rule 60(b)(4) of the West Virginia Rules of Civil Procedure.

WALKER, Chief Justice:

Commerce and Industry Insurance (Commerce and Industry) filed a breach of contract claim against Petitioner Samuel L. Amoruso, Jr. d/b/a Quality Supplier Trucking, Inc. (Amoruso) for breach of contract by failing to pay insurance premiums. Although Amoruso answered the original complaint and responded to discovery in the case, he did not respond to Commerce and Industry's properly served amended complaint. Nearly sixteen months after Commerce and Industry obtained a default judgment against Amoruso, he filed a motion to set aside the default judgment, arguing that he was not a proper party to the action. Because the grounds on which Amoruso sought to have the judgment set aside are subject to a one-year time limitation under Rule 60(b) of the West Virginia Rules of Civil Procedure, the circuit court denied Amoruso's motion as untimely.

On appeal, Amoruso raises these same grounds to set aside the judgment as those made below, which we agree were untimely under Rule 60(b). And, although not raised below, Amoruso argues that the judgment is void for lack of personal jurisdiction because Commerce and Industry did not sue the proper entity. While void judgments are not subject to the strict one-year time frame set forth in Rule 60(b), the circuit court did not lack personal jurisdiction over Amoruso so as to render the judgment void. So, we find that the circuit court did not abuse its discretion in denying Amoruso's motion to set aside the default judgment.

1

# I.   FACTUAL AND PROCEDURAL BACKGROUND

In June 2014, Commerce and Industry Insurance filed a complaint in the Circuit Court of Mineral County for breach of contract against "Samuel L. Amoruso, Jr., d/b/a Quality Supplier Trucking, Inc." for failure to pay premiums under a workers' compensation insurance policy. The summons and complaint were served upon Amoruso. Amoruso, appearing pro se, filed an answer generally denying the allegations; he did not assert any affirmative defenses. Commerce and Industry then filed discovery requests to which Amoruso did not respond. Commerce and Industry filed a motion to compel, which was set for hearing. Amoruso did not attend the hearing and the circuit court entered an order compelling Amoruso to respond to the discovery requests. Amoruso responded to the discovery requests, again generally denying that he owed the amount due. Amoruso alleges that he had been in discussions with Commerce and Industry during this time and believed the matter would ultimately be settled.

In June 2015, Commerce and Industry filed a motion to amend its complaint. Amoruso received proper notice of the hearing conducted by the circuit court on the motion, but he did not appear to contest. Given leave to file an amended complaint by the circuit court, Commerce and Industry alleged that Amoruso owed premiums under an additional workers' compensation policy. On August 19, 2015, Amoruso was served with the amended complaint and summons in person. The summons contained the requisite language "[i]f you fail [to serve an answer to the Amended Complaint within 20 days of

2

service], judgment by default will be taken against you for the relief demanded in the complaint[.]"[1] Amoruso did not respond to the amended complaint.

In January 2016, Commerce and Industry filed a motion for default judgment. The circuit court granted the motion and entered judgment in favor of Commerce and Industry on January 28, 2016. After attempting to collect the judgment, Commerce and Industry filed a writ of execution in April 2017, which it amended in May 2017. On May 19, 2017, Amoruso, now represented by counsel, filed a motion to set aside the default judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure.

Amoruso's motion contended that Commerce and Industry's workers' compensation policy was in the name of "Q.S.I., Inc." of which Commerce and Industry was aware and they instead chose to pursue the unpaid amounts from Amoruso in his personal capacity d/b/a Quality Supplier Trucking, Inc. The motion included a print-out from the West Virginia Secretary of State's website identifying Amoruso as the Treasurer and Vice-President of Q.S.I., Inc., as well as the workers' compensation policy issued to Q.S.I., Inc., and past-due notices sent to Q.S.I., Inc. Because Commerce and Industry allegedly sued the wrong entity by suing him in his personal capacity rather than suing Q.S.I., Inc., Amoruso alleged in his motion that Commerce and Industry had either made a mistake, or negligently or intentionally perpetrated a fraud on the court by

---

[1] *See* W. Va. R. Civ. P. 4(a).

3

misrepresenting salient facts. Amoruso also sought relief from the judgment under excusable neglect, arguing that he had appeared pro se at the time the judgment was entered and had been communicating with Commerce and Industry regarding settlement of the dispute.[2]

During the hearing on Amoruso's motion, his counsel argued the same points raised in his written motion and additionally asserted that Commerce and Industry's counsel was "going around the State trying to ram judgments wherever he wants." The circuit court responded that Amoruso's counsel was out of line and that it was out of line for Amoruso to "ha[ve] spen[t] his whole entire career creating these damn companies so he can hide behind money that he owes people."

In response, Commerce and Industry argued that under Rule 60(b), those seeking to set aside a default judgment on the grounds of mistake, fraud, or excusable neglect must do so within one year of the judgment, which had passed nearly four months prior. Alternatively, Commerce and Industry argued that the circuit court should not grant the motion to set aside the default judgment because Amoruso had never explained why he failed to answer the amended complaint and he was apparently under the impression that

---

[2] Specifically, Amoruso contended that he had been in communications with both Commerce and Industry and its counsel that the dollar amount had been calculated incorrectly and that he himself was not the entity to be charged. He was of the opinion that the matter would ultimately be settled upon review of the records and a corrected calculation of what, if any, amount was due.

the matter would go away if he ignored it. The circuit court denied Amoruso's motion to set aside the default judgment on the grounds that it was untimely. It is from that order that Amoruso now appeals, arguing, in addition to the grounds raised to the circuit court below, that the circuit court lacked personal jurisdiction over him and was prejudiced against him as evidenced by the comments made by the court relating to his business practices.

## II.  STANDARD OF REVIEW

With respect to motions made under Rule 60(b) of the Rules of Civil Procedure to set aside a default judgment rendered under Rule 55 of the Rules of Civil Procedure, we have held that "[a] motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion."[3]  However, we are mindful that there is a presumption in favor of adjudication of cases upon their merits.[4]

---

[3] Syl. Pt. 6, *Games-Neely ex rel. W. Va. State Police v. Real Prop.*, 211 W. Va. 236, 565 S.E.2d 358 (2002) (quoting Syl. Pt. 3, *Intercity Realty Co. v. Gibson*, 154 W. Va. 369, 175 S.E.2d 452 (1970) (overruled on other grounds by *Cales v. Wills*, 212 W. Va. 232, 569 S.E.2d 479 (2002)).

[4] *Farm Family Mut. Ins. Co. v. Thorn Lumber Co.*, 202 W. Va. 69, 72, 501 S.E.2d 786 (1998).

5

## III.   DISCUSSION

We begin by discussing the Rules of Civil Procedure involved in the proceedings below.  First, Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment of default has been entered, may likewise set it aside in accordance with Rule 60(b)."  And, Rule 60(b) outlines the grounds for relief and timing of a motion to set aside a judgment, providing in relevant part:

> *Mistakes; inadvertence; excusable neglect; unavoidable cause; newly discovered evidence; fraud, etc.* – On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.
>
> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

6

In *Parsons v. Consolidated Gas Supply Corp.*,[5] we identified four factors a trial court should consider under Rule 60(b) specific to the context of a motion to set aside a default judgment:

> In determining whether a default judgment should be . . . vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.[6]

Subsequently, we clarified the interplay between "good cause" under Rule 55(c) and the requisite showing of a grounds for relief from a default judgment[7] under Rule 60(b) as follows:

> [i]n addressing a motion to set aside a default judgment, "good cause" requires not only considering the factors set out in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979), but also requires a showing that a ground set out under Rule 60(b) of the West Virginia Rules of Civil Procedure has been satisfied.[8]

Turning to the facts before us, before we reach consideration of the *Parsons* factors, Amoruso must show that he is entitled to relief under one of the grounds

---

[5] 163 W. Va. 464, 256 S.E.2d 758 (1979).

[6] *Id.* at Syl. Pt. 3, in part.

[7] *See Hardwood Group v. Larocco*, 219 W. Va. 56, 62–63, 631 S.E.2d 614, 620–21 (2006) (distinguishing relevant considerations for relief from default as opposed to default judgment).

[8] *Id.* at Syl. Pt. 5.

enumerated in Rule 60(b). Below, in his motion to the circuit court, Amoruso specifically raised "mistake," "fraud," "misrepresentation," and "excusable neglect," and again used similar terms in his prayer for relief. His remaining allegations all centered upon the negligent or intentional actions of Commerce and Industry in pursuing the action against him in his personal capacity.

Undoubtedly, his stated grounds for relief below all fall within the parameters of Rule 60(b)(1) and 60(b)(3), both of which are subject to a one-year time limitation that had already expired. To the extent Amoruso argues that the inequities of this case demand relief, we note that Rule 6(b)(2) of the West Virginia Rules of Civil Procedure precludes enlargement of time for motions made under Rule 60(b) except to the extent and under the conditions stated in that rule. Under Rule 60(b), there is no provision for the extension of the one-year limitation on motions made under Rule 60(b)(1)-(3). For that reason, we find that the circuit court did not abuse its discretion in denying Amoruso's motion to set aside the default judgment as untimely for the grounds raised.

Although not argued below, Amoruso now attempts to repackage the allegations made to the circuit court as those seeking to set aside the default judgment as void for lack of personal jurisdiction under Rule 60(b)(4),[9] which is not subject to the one-

---

[9] Although this Court has not enumerated the particular circumstances that may render a judgment void, federal courts interpreting Federal Rule of Civil Procedure 60(b)(4) generally hold that a judgment is void "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent

year restriction.[10] The crux of Amoruso's argument is that the circuit court did not have personal jurisdiction over him because he was not the proper party in the action. Rather, he argues that his company, Q.S.I, Inc., was the proper party. While we disagree that Amoruso's allegations below can be characterized as such, the argument is nonetheless meritless because it fundamentally misapprehends the concept of personal jurisdiction.

We have held that "'[t]o enable a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction.'"[11] Rendering a default judgment in the absence of personal jurisdiction could give rise to setting aside that default judgment under Rule 60(b)(4). Amoruso argues that the circuit

---

with due process of law." Wright & Miller, 11 Fed. Prac. & Proc. § 2862 (3d ed.). *Accord, United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."); *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661-62 (1st Cir. 1990) ("A judgment is void, and therefore subject to relief under Rule 60(b)(4), *only* if the court that rendered judgment lacked jurisdiction *or* in circumstances in which the court's action amount to a plain usurpation of power constituting a violation of due process.") (emphasis in original).

[10] We note that Mr. Amoruso in making his argument that the judgment is void under Rule 60(b)(4) has not provided a reason for his failure to answer the amended complaint despite his concession that it was duly served and contained the obligatory language that his failure to respond would result in a default judgment against him.

[11] Syl. Pt. 1, *Leslie Equip. Co. v. Wood Res. Co., L.L.C.*, 224 W. Va. 530, 687 S.E.2d 109 (2009) (quoting Syl. Pt. 3, *State ex rel. Smith v. Bosworth*, 145 W. Va. 753, 117 S.E.2d 610 (1960)).

9

court lacked jurisdiction over him because he was not the proper entity to be sued, but that allegation is insufficient to preclude personal jurisdiction over him for two reasons.

First, Amoruso was properly served and appeared in the case. Having filed an answer with the court without objecting to jurisdiction, he consented to the circuit court's jurisdiction.[12] Under Rule 12(h)(1) of the West Virginia Rules of Civil Procedure,

> [a] defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Amoruso did not raise lack of jurisdiction in his answer to the original complaint, did not respond to the amended complaint,[13] did not make a motion under Rule 12 for dismissal for lack of jurisdiction or insufficient service of process, and at no point in his participation

---

[12] *See* Syl. Pt. 4, *Blankenship v. Estep*, 201 W. Va. 261, 496 S.E.2d 211 (1997) ("'Consent of parties cannot confer upon a court jurisdiction which the law does not confer, or confers upon some other court, although the parties may by consent submit themselves to the jurisdiction of the court. In other words, consent cannot confer jurisdiction of the subject-matter, but it may confer jurisdiction of the person.' Syllabus Point 2, *Yates et al. v. Taylor County Court*, 47 W. Va. 376, 35 S.E.24 (1900).").

[13] *See supra* n.10.

in the case contended that the circuit court lacked personal jurisdiction.[14] For those reasons, we find that Amoruso waived any challenge to the circuit court's personal jurisdiction.

Second, Amoruso's "personal jurisdiction" argument does not include any typical jurisdictional objections to the effect that he does not live in the state, has no minimum contacts with the state, or is otherwise not amenable to suit in West Virginia. Instead, Amoruso argues that he, in his personal capacity "d/b/a Quality Supplier Trucking, Inc.," is simply the wrong party to the action. His argument, then, is that that the circuit court was *wrong*, not that it lacked jurisdiction over Amoruso's person.[15] The fact that Amoruso perceives the order as wrong does not render it void for the purposes of Rule 60(b)(4). As the federal courts have aptly found,[16] "'[r]elief under Rule 60(b)(4) is not available merely because a disposition is erroneous.' . . . 'Rather, before a judgment may

---

[14] *See State ex rel. Ford Motor Co. v. McGraw*, 237 W. Va. 573, 788 S.E.2d 319 (2016) ("*When the objection to personal jurisdiction is timely made*, a defendant does not thereafter waive the defense by further participation.") (emphasis added).

[15] *See* Syl. Pt. 2, in part, *Yates*, 47 W. Va. at 376, 35 S.E. at 24 ("In other words, consent cannot confer jurisdiction of the subject-matter, but it may confer jurisdiction of the person.").

[16] Rule 60(b) of the West Virginia Rules of Civil Procedure contains the same pertinent language as its federal counterpart, including identical enumerated grounds for relief. We have explained that "[b]ecause the West Virginia Rules of Civil Procedure are patterned after the Federal Rules of Civil procedure, we often refer to interpretations of the Federal Rules when discussing our own rules. *See Cattrell Companies, Inc. v. Carlton, Inc.*, 217 W. Va. 1, 8 n.21, 614 S.E.2d 1, 8 n.21 (2005) ("'Because the West Virginia Rules of Civil Procedure are practically identical to the Federal Rules, we give substantial weight to federal cases . . . in determining the meaning and scope of our rules.'") (quoting *Painter v. Peavy*, 192 W. Va. 189, 192 n.6, 451 S.E.2d 755,758 n.6 (1994)).

11

be deemed void within the meaning of the rule, it must be determined that the rendering court was powerless to enter it.'"[17]   This distinction and the limitations of Rule 60(b)(4) are grounded in maintaining the sanctity of final judgments and preventing parties from invoking Rule 60(b)(4) as a substitute for a timely appeal.[18]   Accordingly, we hold that an erroneous application of the law does not render a judgment void and, therefore, does not provide a basis for relief from void judgments under Rule 60(b)(4) of the West Virginia Rules of Civil Procedure.

As noted above, the circuit court was not powerless to enter a judgment against Amoruso for lack of personal jurisdiction, and Amoruso could have raised his contentions that he was not the appropriate party by asserting it as a defense or by moving to dismiss the case.  Amoruso did neither, and the allegation that the judgment is erroneous because he is the improper party is insufficient to void the judgment under Rule 60(b)(4).

---

[17] *Karsner v. Lothian*, 532 F.3d 876, 886 (D.C. Cir. 2008) (citations omitted). *Accord*, *Baumlin & Ernst, Ltd. v. Gemini, Ltd.*, 637 F.2d 238, 241 (4th Cir. 1980) ("There is, however, a substantial difference between a judgment which is erroneous and one which is altogether void[.]");  *V.T.A., Inc. v. Airco., Inc.*, 597 F.2d 220, 224 (10th Cir. 1979) ("A judgment is not void merely because it is or may be erroneous[.]"); *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972) ("A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack.  A void judgment is one which, from its inception, was a complete nullity and without legal effect.  In the interest of finality, the concept of void judgments is narrowly construed. . . . Only in the rare instance of a clear usurpation of power will a judgment be rendered void.").

[18] *See, e.g.*, *Wendt v. Leonard*, 431 F.3d 410, 412–13 (4th Cir. 2005) (cautioning that use of Rule 60(b)(4) intended only for truly void judgments and not as substitute for timely appeal of allegedly erroneous decisions).

12

For those reasons, even were we to find that the matter had been sufficiently raised below, we do not find that the judgment is void for lack of personal jurisdiction.[19]

Accordingly, we do not find that Amoruso has made a timely showing under Rule 60(b)(1) or 60(b)(3), nor do we find that the judgment was void under Rule 60(b)(4).[20] Because Amoruso has not made a showing that a ground set out under Rule 60(b) has been satisfied, we need not reach the consideration of the *Parsons* factors in order to determine

---

[19] Question was raised at oral argument as to whether it would be appropriate to set aside the default judgment against Mr. Amoruso as void for lack of notice of Commerce and Industry's Motion for Default Judgment using a plain error analysis. Consistent with Rule 55(b)(2), a party who has appeared in the action, as Mr. Amoruso has, is entitled to at least three days of notice before the hearing on an application for default judgment, and it does not appear affirmatively from the record on appeal that Amoruso did, in fact, receive notice.

However, Amoruso did not raise lack of notice to the circuit court, and we have deemed waived challenges under Rule 55(b)(2) that were raised for the first time on appeal. *See Hartwell v. Marquez*, 201 W. Va. 433, 498 S.E.2d 1 (1997*); Bell v. West*, 168 W. Va. 391, 284 S.E.2d 885 (1981). Not only did Amoruso fail to raise lack of notice to the circuit court, he did not raise it to this Court, even after prompting during oral argument.

Moreover, we have held that "[t]he failure to provide a party against whom judgment of default is sought with notice of the application for judgment as required by Rule 55(b)(2) of the W. Va. Rules of Civil Procedure renders the subsequent default judgment *voidable*, but such judgment is not *void*." Syl. Pt. 4, *Hartwell*, 201 W. Va. 433, 498 S.E.2d 1 (emphasis in original). Given that Amoruso has never argued that he did not receive notice under Rule 55(b)(2), the predicate facts of a lack of notice have not been conclusively established before this Court, and our precedent does not automatically render the judgment void even if no notice was had, we find it inappropriate to sua sponte set aside the default judgment on those grounds using a plain error analysis.

[20] Because we agree with the circuit court that Amoruso's Motion to Set Aside the Default Judgment was untimely as a matter of law, we need not address Amoruso's contention that the circuit court was prejudiced toward him as evidenced by its comments relating to Amoruso's business practices.

13

that the circuit court did not abuse its discretion in finding that there was no good cause to set aside the default judgment.

## IV.    CONCLUSION

For the foregoing reasons, we do not find that the circuit court abused its discretion in denying Amoruso's Motion to Set Aside the Default Judgment, and so affirm the November 17, 2017 order of the Circuit Court of Mineral County.

Affirmed.