**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Brent Boggs,**
**Defendant Below, Petitioner**

**vs.)  No. 21-0935** (Kanawha County 20-C-873)

**Greylock Marketing, LLC,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brent Boggs appeals the October 8, 2021, order of the Circuit Court of Kanawha County denying his motion, which was treated by the circuit court as made pursuant to West Virginia Rule of Civil Procedure 60(b),[1] seeking relief from the court's July 12, 2021, order granting summary judgment in favor of Respondent Greylock Marketing, LLC.[2] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In October of 2020, respondent filed a complaint against petitioner in the Circuit Court of Kanawha County, asserting claims for conversion, breach of contract, and unjust enrichment. Petitioner filed an answer denying liability and asserting that "Clay County, West Virginia is the proper jurisdiction and venue for the action set forth in the Complaint herein." The circuit court entered a scheduling order on April 2, 2021, ordering, among other things, that "Dispositive Motions [] be filed by: August 9, 2021." Thereafter, respondent served discovery upon petitioner, including interrogatories, requests for production, and requests for admission; however, petitioner did not respond to the discovery requests. Respondent filed a motion for summary judgment on May 13, 2021. The circuit court entered an order directing petitioner to file a response to the motion on or before May 31, 2021; however, petitioner did not file a response. On July 12, 2021, the circuit court entered an order granting respondent's motion for summary judgment ("summary judgment order").

On July 15, 2021, petitioner filed a motion to dismiss, asking the circuit court to dismiss

---

[1] See note 3 *infra* and accompanying text for a discussion of this motion.

[2] Petitioner appears by counsel Wayne King. Respondent appears by counsel Richard D. Owen, Benjamin B. Ware, and Robert S. Pruett.

the action "for lack of jurisdiction and venue" and asserting that jurisdiction and venue were proper in Clay County. On August 20, 2021, petitioner filed a "motion to reconsider" the summary judgment order, asking that the court set aside and vacate the summary judgment order.[3] Petitioner asserted that his motion to dismiss was "timely" because it was filed before the dispositive motions deadline set forth in the scheduling order. Petitioner further argued that the circuit court could not "decide any matter with regard to this matter until and [sic] [c]ourt ha[d] determined by the presentation of evidence in a hearing that th[e] [c]ourt has [j]urisdiction and [v]enue." The motion did not identify the Rule of Civil Procedure or other legal authority under which petitioner sought relief; in fact, the motion did not identify *any* law supporting the assertions he made therein.[4]

By order entered on October 8, 2021, the circuit court denied petitioner's motion to reconsider. The court treated petitioner's motion as seeking relief pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. The court said, "The only methods of proof under Rule 60(b) on which [petitioner] appears to rely, are: 1) that the judgment is void for lack of personal jurisdiction, or 2) that the [c]ourt should, in its discretion, find reason justifying relief from judgment." The circuit court concluded that "jurisdiction and venue are proper based on allegations contained in [respondent's] Complaint and [petitioner's] failure to challenge either jurisdiction or venue during this matter's nearly year-long litigation." The court further determined that petitioner had "point[ed] to no extraordinary circumstances that warrant relief pursuant to Rule 60(b)."

Petitioner appeals the circuit court's October 8, 2021, order, arguing that the summary judgment order should have been set aside because (1) the court lacked jurisdiction and/or venue to enter the order and (2) the court violated its own scheduling order by entering the summary judgment order before the expiration of the dispositive motions deadline. We note that, in this appeal, as below, petitioner has failed to identify the Rule of Civil Procedure or other legal authority under which he seeks to have the summary judgment order set aside. In that petitioner does not dispute the circuit court's conclusion that he sought relief under Rule 60(b) of the West Virginia Rules of Civil Procedure, we must conclude that this is the rule under which petitioner believes he is entitled to relief on appeal. Consequently, our review is limited to determining whether the circuit court abused its discretion by denying petitioner's motion to reconsider. *See* Syl. Pt. 5, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974) ("A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion."). We are constrained to consider only the denial of the motion to reconsider. *See id.* at 778, 204 S.E.2d at 86, Syl. Pt. 3 ("An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order.").

---

[3] "[W]e again reiterate to practitioners that a 'motion to reconsider' is not recognized under our Rules of Civil Procedure." *Malone v. Potomac Highlands Airport Auth.*, 237 W. Va. 235, 239, 786 S.E.2d 594, 598 (2015).

[4] The Court has warned that "[t]he filing of motions which fail to identify the Rule of Civil Procedure or other legal authority providing the right to relief may serve as grounds for summary denial." *Malone v. Potomac Highlands Airport Auth.*, 237 W. Va. 235, 240, 786 S.E.2d 594, 599 (2015).

Rule 60(b) provides, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void[,] . . . or (6) any other reason justifying relief from the operation of the judgment." The circuit court determined that petitioner sought to have the summary judgment order set aside because the judgment was void for lack of personal jurisdiction and because there was a reason justifying relief from judgment. Again, because petitioner does not dispute this determination on appeal, we proceed to determine whether the circuit court abused its discretion in determining that petitioner was not entitled to relief under Rule 60(b)(4) or (6).

With regard to petitioner's jurisdiction argument and his claim that the circuit court violated its own scheduling order, we observe that these claims consist only of bald assertions unsupported by analysis that applies relevant law to the facts of the case. The Rules of Appellate Procedure require more for this Court to consider a claim. *See* W. Va. R. App. P. 10(c)(7) ("The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Intermediate Court and the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal."). We have repeatedly recognized that "[a] skeletal 'argument', really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State, Dep't of Health and Human Res. ex rel. Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *see also State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal. *State v. Lilly,* 194 W.Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995) ("casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal").". Petitioner has failed to preserve his claims regarding jurisdiction and the scheduling order for appeal. Thus, we refuse to consider these arguments.

Petitioner's remaining argument concerns whether he is entitled to relief because venue was not proper in Kanawha County. In *Amoruso v. Commerce & Industry Insurance Company*, 241 W. Va. 517, 826 S.E.2d 642 (2019), we explained that "before a judgment may be deemed void within the meaning of [Rule 60(b)(4)], it must be determined that the rendering court was powerless to enter it." *Id.* at 523, 826 S.E.2d at 648 (quoting *Karsner v. Lothian*, 532 F.3d 876, 886 (D.C. Cir. 2008)). We held that "[a]n erroneous application of the law does not render a judgment void and, therefore, does not provide a basis for relief from void judgments under Rule 60(b)(4) of the West Virginia Rules of Civil Procedure." *Amoruso* at 518, 826 S.E.2d at 643, Syl. Pt. 5. Regarding Rule 60(b)(6), we have said that relief is available "only [in] extraordinary circumstances when the reason for relief from judgment does not fall within the list of enumerated reasons contained within the rule." *State ex rel. First State Bank v. Hustead*, 237 W. Va. 219, 223, 786 S.E.2d 479, 483 (2015). "Rule 60(b) is not a substitute for an appeal and the finality of judgments ought not be disturbed except on very narrow grounds[.]" *Hatfield v. Painter*, 222 W. Va. 622, 629 n.13, 671 S.E.2d 453, 460 n.13 (2008) (quoting *Brennan v. Midwestern United Life*

*Ins. Co.*, 450 F.2d 999, 1003 (7th Cir. 1971)).

Assuming, without deciding, that the circuit court erroneously determined that venue was proper in Kanawha County, petitioner cannot prevail under Rule 60(b)(4) because venue implicates a personal privilege, the denial of which, even when erroneous, does not render a circuit court's order void. *See Hall v. Ocean Accident & Guar. Corp.*, 122 W. Va. 188, 193, 9 S.E.2d 45, 47 (1940) (explaining that venue is "not primarily jurisdictional, but is a personal privilege"); *cf. Prete v. Lepore*, 125 F.R.D. 572, 577 (D. Conn. 1989) ("Rule 60(b)(4) [] cannot be used to challenge the validity of a judgment on the grounds that the rendering court was an improper venue for the reason that improper venue alone does not render a judgment void."). Accordingly, the circuit court did not abuse its discretion by refusing to grant petitioner relief under Rule 60(b)(4). Moreover, because petitioner has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6), we conclude that the circuit court did not abuse its discretion by refusing to grant relief under Rule 60(b)(6).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 2, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn